COATS ET AL., APPELLANTS, *v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as Coats *v.* Limbach (1989), 47 Ohio St. 3d 114.]

(No. 88-801—Submitted September 27, 1989—Decided December 27, 1989.)

*Thomas P. Michael,* for appellants.

*Anthony J. Celebrezze, Jr.,* attorney general, *Richard C. Farrin* and *David G. Lambert,* for appellee.

*Per Curiam.* Appellants argue that the BTA's refusal to reconvene the hearing so that Henderson could testify was either an abuse of discretion or a denial of due process. Alternatively, they argue that they have satisfied their burden of proof with Helen Coats' testimony. Since we hold that the BTA abused its discretion, we reverse and remand.

Treating the appellants' arguments in reverse order illuminates the probable importance of Henderson's testimony. Appellants must establish the value of their equipment, because they must overcome the presumption that appellee's valuation was correct. *Snider* v. *Limbach* (1989), 44 Ohio St. 3d 200, 201-202, 542 N.E. 2d 647, 649. Without Henderson's testimony, the BTA denied admission of the exhibits that he had prepared; thereafter it found that appellants had `failed in their burden. Given this court's re-

quired deference to the BTA's factual decision, we may not reverse it unless we find, from the record, that the decision is unreasonable or unlawful. *Cardinal Federal S. & L. Assn.* v. *Bd. of Revision* (1975), 44 Ohio St. 2d 13, 73 O.O. 2d 83, 336 N.E. 2d 433, paragraph four of the syllabus.

On the present record, the BTA's decision appears correct. Despite Helen Coats' knowledgeable testimony that the useful life of the equipment was six years, the BTA found that appellants had not sustained their burden of proof. The strongest evidence of useful life that the appellants were prepared to submit was the exhibits prepared by Henderson and his testimony. Whether appellants would have sustained their burden had Henderson testified is unknown. To be sure, appellants failed without it; Henderson's testimony appears material since he selected the useful lives based on information supplied him by the appellants. Consequently, this case turns on whether refusal to reconvene the hearing was an abuse of discretion or a denial of due process.

According to *Akron* v. *Pub. Util. Comm.* (1966), 5 Ohio St. 2d 237, 241, 34 O.O. 2d 467, 470, 215 N.E. 2d 366, 370, "* * * [o]rders granting or refusing continuance as well as orders setting time for argument or time for filing briefs generally rest in the sound discretion of the trial court or, as in this cause, in the sound discretion of the commission." Thus, the standard for granting continuances is the same for an administrative agency as it is for a trial court—the sound discretion of the tribunal.

In *State, ex rel. Buck,* v. *McCabe* (1942), 140 Ohio St. 535, 24 O.O. 552, 45 N.E. 2d 763, paragraph two of the syllabus, the court listed the factors necessary for a continuance to be within the sound exercise of the court's power:

"To constitute a sufficient ground for a continuance because of the absence of a party it must appear that the absence is unavoidable, and not voluntary; that his presence at the trial is necessary; that the application is made in good faith; and that he probably will be able to attend court at some reasonable future time."

In that case, an action in mandamus, the trial court in the underlying action had granted a continuance for the defendant, a soldier, who was engaged in foreign military service. The Supreme Court found no abuse of discretion by the trial court. The Supreme Court based a continuance on a party's right, reasonably, to attend the trial but balanced this right with the court's ability to conduct the trial without unnecessary delay. According to the Supreme Court, unreasonable delays are intolerable, and continuances are justifiable according to the circumstances. This court observed that courts liberally continue cases because denying a continuance would deny a litigant his day in court. *Id.* at 538, 24 O.O. at 553, 45 N.E. 2d at 766.

That case dealt with granting a continuance for a party. The Court of Appeals for Hamilton County has heard several cases in which the trial court denied a continuance because a material witness was absent. In *Kidd* v. *Cincinnati Transit Co.* (1970), 24 Ohio App. 2d 101, 53 O.O. 2d 285, 265 N.E. 2d 297, the court held that the denial of a continuance, requested because a material witness was absent due to the death of his father, and the *sua sponte* dismissal of the action constituted an abuse of discretion. The opposing party neither appeared nor opposed the continuance. The appellate court decided that the plaintiff did not seek an unreasonable delay. The court reasoned that parties should benefit from the personal attendance of

material witnesses if such attendance is practicable.

Later, in *Garrett* v. *Garrett* (1977), 54 Ohio App. 2d 25, 8 O.O. 3d 41, 374 N.E. 2d 654, a paternity action, defendant requested a two-day continuance to complete new blood tests, which had been delayed by plaintiff's dilatory submission to blood sampling and by the temporary illness of a necessary technician. Defendant also sought to depose the expert and to allow for travel time. The defendant was forced to rest his case without the newer blood tests. Under these circumstances, the court ruled that the trial court abused its discretion.

In the instant case, Henderson's absence appeared unavoidable—correspondence in the statutory transcript indicates that appellee's hearing had been continued once due to Henderson's ill health. Further, correspondence indicates that appellants had belatedly forwarded documents to appellee because Henderson was ill. Therefore, the transcript demonstrates that Henderson was ill and that his absence was understandable. Second, in view of the BTA's decision, Henderson's testimony was critical to the taxpayer. He prepared the returns and selected the useful lives for the equipment. Helen Coats was not allowed, and appeared unable, to testify how and why Henderson selected the useful lives that he did. Third, the application appears to have been made in good faith. Fourth, nothing in the record suggests that Henderson would not have attended a future hearing; he had attended appellee's hearing after it was once continued. Moreover, appellee did not object to a continuance. Under the factors set forth in *State, ex rel. Buck,* v. *McCabe, supra,* sufficient grounds existed for a continuance. Under the reasoning of *Kidd* and *Garrett,* the BTA abused its discretion in denying a continuance. Since we have decided this case on abuse of discretion grounds, we need not address whether the BTA's denial of the continuance was a denial of due process.

Accordingly, we reverse the BTA's decision and remand this cause for further hearing.

*Decision reversed*
*and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.