OPINION
{¶ 1} Plaintiff-appellant, Pamela Reimund (hereinafter "Pamela"), appeals the judgment of the Hancock County Court of Common Pleas, Domestic Relations Division, denying her motion for an extension of time to file objections to the magistrate's decision.
 {¶ 2} On December 10, 2001, Pamela filed for divorce from Joe Reimund (hereinafter "Joe"). A divorce decree was issued December 12, 2002. However, there were issues remaining as to the division of property and support which were referred to the magistrate. On August 18, 2004, following nine days of hearing on these matters, the magistrate issued a decision. Pursuant to Civ.R. 53(E)(3)(a), the parties had fourteen days to file objections to the decision. The last day would have been September 1, 2004.
 {¶ 3} On August 26, 2004, the trial court journalized an entry providing each party an automatic extension of time to file objections to allow time for the preparation of transcripts if
the transcript was ordered and the required fees were paid prior to the expiration period of the original time within which to file objections. In the entry, the trial court allowed the parties fourteen additional days from the time the transcript was filed within which to file objections.
 {¶ 4} On August 31, 2004, Pamela filed a motion for extension of time to file objections. The motion for extension that was filed did not indicate whether the transcript had been ordered or that any costs had been paid. Joe subsequently filed a memorandum in opposition to the extension, which asserted that Pamela was required to satisfy certain conditions, set out in the trial court's August 26, 2004 order, before an extension would be given. Joe alleged that those conditions were not satisfied and that the motion should be denied.
 {¶ 5} On September 7, 2004 the trial court issued an entry approving the magistrate's decision on the basis that no objections had been filed.
 {¶ 6} On September 9, 2004 the trial court denied Pamela's August 31, 2004 motion for extension. The trial court determined that the motion was moot due to the August 26, 2004 order of the court granting an extension of time on the specified conditions.
 {¶ 7} On September 21, 2004 the trial court granted a motion by Pamela's attorney to withdraw from the case. That motion had been filed on August 31, 2004, at the same time Pamela's motion for extension had been filed.
 {¶ 8} Pamela subsequently procured new counsel and, on September 27, 2004, filed a motion for leave to file objections to the magistrate's decision. In this motion, Pamela alleged that in the midst of her counsel's withdrawal there had been confusion as to the deadline for the objections and to whom various costs should be paid. She attached an affidavit to her motion detailing the communications she had with her counsel regarding objections and obtaining a transcript of the proceedings. She requested that she now be allowed to file objections and asserted that no prejudice to Joe would result.
 {¶ 9} On November 9, 2004, the trial court denied Pamela's motion for leave to file objections. The trial court determined that Pamela's previous counsel was granted an extension on August 26, 2004, subject to the specified conditions precedent, and those conditions were not met. The trial court then journalized its approval of the magistrate's decision.
 {¶ 10} It is from the November 9, 2004 denial of her motion for leave to file objections from which Pamela appeals and sets forth one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court erred in denying Plaintiff-Appellant's Motionfor Leave to File Objections to the Magistrate's Decision ofAugust 18, 2004, pursuant to Civil Rule 6(B)(2).
 {¶ 11} In her assignment of error, Pamela asserts that the trial court abused its discretion in denying her motion for leave to file objections because the failure to file objections within the fourteen-day period provided by Civ.R. 53 was the result of excusable neglect by her counsel. Pamela claims that she expressed her desire to her counsel to file objections and relied on counsel to see that the objections were, indeed, filed. However, her counsel, she argues, failed to keep in contact with her regarding specific dates and to whom fees for the transcript were to be paid. Therefore, Pamela maintains she should have been granted an extension of time to file objections.
 {¶ 12} A trial court has broad discretion in determining whether to grant a motion for an extension of time and the court's decision will not be reversed on appeal absent an abuse of discretion. Miller v. Lint (1980), 62 Ohio St.2d 209,213-214.
 {¶ 13} Civ.R. 6(B) sets forth the procedure for granting an extension of time and states in pertinent part:
When by these rules or by a notice given thereunder or byorder of court an act is required or allowed to be done at orwithin a specified time, the court for cause shown may at anytime in its discretion * * * (2) upon motion made after theexpiration of the specified period permit the act to be donewhere the failure to act was the result of excusable neglect.
 {¶ 14} The proper standard by which a trial court is required to analyze a request for an extension of time is, as set forth in the rule, that of excusable neglect. Marion Production CreditAssn. v. Cochran (1988), 40 Ohio St.3d 265, 271. In determining whether neglect is excusable or inexcusable, the trial court must take into consideration all the surrounding facts and circumstances. Griffey v. Rajan (1987), 33 Ohio St.3d 75, syllabus.
 {¶ 15} Although the term "excusable neglect" is an elusive concept that courts often find difficult to define and to apply, the cases discussing excusable neglect reveal some general principles. Kay v. Marc Glassman, Inc. (1996),76 Ohio St.3d 18, 20. Examples of instances where a court might find excusable neglect include the following: the party had neither knowledge nor notice of the pending legal action; counsel of record suffers from personal or family illness; and counsel of record fails to appear for trial because he has not received notice of a rescheduled trial date. Doddridge v. Fitzpatrick (1978),53 Ohio St.2d 9, 13; The Bluffs of Wildwood Homeowners' Assn., Inc.v. Dinkel (1994), 96 Ohio App.3d 278, 281; Columbia Gas of Ohiov. Riley (1987), 38 Ohio App.3d 151, paragraph two of the syllabus. A majority of the cases finding excusable neglect also have found unusual or special circumstances that justified the neglect of the party or attorney. Kay, supra.
 {¶ 16} Neglect is inexcusable, pursuant to Civ.R. 6(B), when a party's inaction can be classified as a "complete disregard for the judicial system." GTE Automatic Elec., Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, 153. Likewise, conduct falling "substantially below what is reasonable under the circumstances" constitutes inexcusable neglect. Id. at 152. Further, if the party could have prevented the circumstances from occurring, neglect will not be considered excusable. McKinley v.Rhee, Allen App. No. 1-01-168, 2002-Ohio-1768, citing Vanest v.Pillsbury Co. (1997), 124 Ohio App.3d 525.
 {¶ 17} In the case sub judice, Pamela made many assertions about her communication with her counsel and the information she was provided. Additionally, she filed with the trial court an affidavit setting forth the dates on which she telephoned her counsel and the information that was related to her, as well as the dates on which she received documents relating to the case. In the affidavit, Pamela avers that on September 1, 2004, the date that objections were due, she received information that she would need to pay $1500 for the transcript. She claims that she did not receive information as to when or to whom the money was to be paid.
 {¶ 18} In addition to Pamela's affidavit, the affidavit of the court reporter was filed with the trial court. The court reporter stated that Pamela's trial counsel contacted her on August 30, 2004 and requested an estimate for obtaining a transcript. The court reporter further stated that on August 31, 2004, she told Pamela's counsel that she would require a $1500 deposit to prepare the transcript. The court reporter averred that as of the date of the affidavit, September 7, 2004, neither Pamela's trial counsel nor any other party had ordered the transcript or paid the deposit.
 {¶ 19} In an appeal, the burden is upon the appellant to show that error was committed by the trial court. See App.R. 9. The record must contain sufficient facts for a reviewing court to conclude that the trial court abused its discretion. See Shafferv. W. Farmington (1992), 82 Ohio App.3d 579, 583. In the absence of such a record, an appellate court must affirm the judgment of the trial court. Id.
 {¶ 20} Upon review of the record here, which consists of the affidavits of Pamela and the court reporter, in addition to the pleadings, motions and journal entries, we do not find sufficient factual information to conclude that Pamela has shown her counsel's failure to file timely objections was excusable neglect. Further, the longstanding rule in Ohio is that the behavior of a party's attorney should be imputed to his or her client. Brown v. Akron Beacon Journal Publishing Co. (1991),81 Ohio App.3d 135, 140. This is because a party voluntarily chooses his attorney and cannot avoid the consequences of the acts or omissions of his freely selected agent. Id. Accordingly, we must conclude that the trial court's action in denying Pamela's motion for leave to file objections did not amount to an abuse of discretion.
 {¶ 21} Pamela's assignment of error is, therefore, overruled.
 {¶ 22} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 Bryant and Shaw, J.J., concur.