OPINION
{¶ 1} Plaintiff Pamela S. Reimund and defendants Drew A. Hanna and Hanna Hanna (collectively "Hanna") appeal the Hancock County Court of Common Pleas' decision to grant Hanna's motion for summary judgment other than on the merits and deny Reimund's cross-motion for partial summary judgment. for the reasons that follow, we affirm trial court's decision in all respects.
 {¶ 2} This legal-malpractice case stems from Hanna's decision, while acting as Reimund's attorney, to join a tort claim in a divorce case which was brought in the domestic relations division of the Hancock County Court of Common Pleas. Notably, the Hancock County Court of Common Pleas is divided into a general, civil division and a domestic relations division. But unlike some courts of common pleas in the state of Ohio, the same judges preside over both divisions and magistrates assist the judges.
 {¶ 3} In August 2001, Reimund visited Hanna regarding a domestic-relations matter. During the visit, Reimund allegedly told Hanna that her husband physically assaulted her in July 2001.
 {¶ 4} In December 2001, Hanna filed a divorce complaint on Reimund's behalf in the domestic relations division of the court of common pleas. The divorce case was assigned to a trial judge and a magistrate. Hanna did not, however, file a tort claim related to the alleged physical assault before the one-year statute of limitations expired in July 2002.
 {¶ 5} In October 2002, Hanna moved to amend the divorce complaint to include the tort claim, thereby attempting to relate the tort claim back to December 2001, which was before the statute of limitations expired. With the trial judge's approval, the magistrate permitted Hanna to amend the divorce complaint to include the tort claim, as well as a jury demand and a request for damages. Reimund's husband did not respond to the amended divorce complaint.
 {¶ 6} After Hanna amended the divorce complaint, Reimund terminated the attorney-client relationship and, in November 2003, filed this legal-malpractice case against Hanna, arguing that he failed to file the tort claim within the statute of limitations.
 {¶ 7} Meanwhile, in the divorce case, the magistrate issued a divorce decree and held a nine-day hearing on various unresolved issues. Following the hearing, the magistrate issued a written decision which provided, in part, as follows: "A review of the Closing Arguments of counsel demonstrate [sic] an agreement that the issues related to the causes of the Plaintiffs injuries and her intentional tort allegations against the Defendant must be resolved in a different setting: specifically, the professional malpractice suit currently pending * * *."
 {¶ 8} The trial judge subsequently adopted the magistrate's written decision, and the divorce case was appealed to this court. On appeal, this court affirmed. Reimund v. Reimund, 3d Dist. No. 5-04-52,2005-Ohio-2775.
 {¶ 9} Several months later, Hanna filed a motion for summary judgment in this case. In opposition, Reimund filed a cross-motion for partial summary judgment which asked the trial court to hold, as a matter of law, that the filing of the tort claim was void ab initio because the magistrate lacked subject-matter jurisdiction to hear it.
 {¶ 10} After considering the parties' motions, the trial court found that the court of common pleas had subject-matter jurisdiction to hear and decide the tort claim, that the administrative division of cases in Hancock County did not limit the court of common pleas' subject-matter jurisdiction, that Hanna filed the tort claim in the divorce case, and that the magistrate could hear the tort claim. The trial court also found that the magistrate had "overlooked" the tort claim in the divorce case, that Reimund could not prove damages for any alleged malpractice because the tort claim was still pending, and that Reimund had filed this case prematurely. Based on its findings, the trial court granted Hanna's motion for summary judgment other than on the merits and denied Reimund's cross-motion for partial summary judgment.
 {¶ 11} It is from this decision that Reimund and Hanna appeal. Reimund sets forth two assignments of error, and Hanna sets forth one assignment of error.
 ASSIGNMENT OF ERROR NO. I As a matter of law, the Trial Court committed error prejudicial to the plaintiff-appellant when it determined that joinder of a tort claim for assault and battery with a pending divorce proceeding was appropriate, when the tort claim demanded trial by jury.[1]
 {¶ 12} In her first assignment of error, Reimund argues that the filing of the tort claim was void because the magistrate lacked subject-matter jurisdiction to hear it. Reimund also argues that the filing of the tort claim was improper because a party to a divorce proceeding is not entitled to a trial by jury and cannot recover damages. Reimund, thus, concludes that the trial court erred when it granted Hanna's motion for summary judgment other than on the merits and denied her cross-motion for partial summary judgment.
 {¶ 13} We review a decision to grant summary judgment de novo. Doe v.Shaffer (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243. Summary judgment is proper where there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can reach but one
 {¶ 14} There is no dispute in this case that the Hancock County Court of Common Pleas has subject-matter jurisdiction to hear and decide a tort claim. See R.C. 2305.01. And while the court of common pleas is divided into a general, civil division and a domestic relations division, the division of cases is for administrative purposes and consequently does not limit the court of common pleas' subject-matter jurisdiction. See R.C. 2301.03 (listing the 26 counties in the state of Ohio that have separate, statutorily defined domestic relations divisions and judges).
 {¶ 15} Nevertheless, Reimund argues that the filing of the tort claim was void ab initio because the magistrate did not have subject-matter jurisdiction to hear it. In support, Reimund cites Loc. R. 2.06(A) of the Hancock County Court of Common Pleas, Domestic Relations Division, which provides in part as follows: "Domestic Relations matters and other matters relating thereto may be heard by a magistrate appointed by this Court."
 {¶ 16} Reimund confuses the magistrate's authority under an order of reference or rule with subject-matter jurisdiction. A court of common pleas may refer a particular case, matter, or category of cases or matters to a magistrate by an order of reference or rule. See Civ. R. 53(C)(1)(b).[2] The magistrate is then authorized to act subject to the specifications and limitations in the order of reference or rule. See Civ. R. 53(C)(2). Although Loc. R. 2.06(A) authorizes the magistrate to hear "[d]omestic [r]elations matters and other matters relating thereto," it does not, by implication, limit the magistrate's authority to hear other cases, matters, or categories of cases or matters if authorized by an order of reference by the trial court.
 {¶ 17} Since the court of common pleas had subject-matter jurisdiction to hear and decide the tort claim, the magistrate also had subject-matter jurisdiction and could have heard the tort claim if authorized to do so by an order of reference or rule. Accordingly, we find, as did the trial court, that the filing of the tort claim in the divorce case was not void ab initio because the magistrate lacked subject-matter jurisdiction.
 {¶ 18} Reimund also argues that the filing of the tort claim in the divorce case was improper, and therefore invalid, because a party to a divorce proceeding is not entitled to a trial by jury and cannot recover damages. To support her argument, Reimund cites Koepke v. Koepke (1989),52 Ohio App.3d 47, 556 N.E.2d 1198, which holds in its syllabus that "[i]ntentional tort actions between spouses should be considered
independently from their divorce actions." (Emphasis added.) Reimund also cites Civ. R. 75(C), which provides that there "shall be no right to trial by jury" in a divorce proceeding.
 {¶ 19} Although the tort claim at issue must be separated from and tried independent of the divorce proceeding, this does not mean, as Reimund concludes, that the filing of the tort claim in the divorce proceeding was improper. Once Hanna filed the tort claim at issue, the magistrate could have bifurcated it from the divorce proceeding and (1) held an independent advisory jury trial with the parties' unanimous, written consent, see Civ. R. 53(C)(1)(a)(iii); or (2) transferred the tort claim to the trial judge, who could have also held a jury trial independent of the divorce proceeding, see Civ. R. 42(B).[3] Such procedural steps address Reimund's concerns regarding her right to trial by jury and her ability to recover damages and are consistent with theKoepke court's holding that intentional tort claims between spouses should be "considered" — not necessarily filed — independent of related divorce proceedings.
 {¶ 20} For the foregoing reasons, we conclude that the trial court did not err when it granted Hanna's motion for summary judgment other than on the merits and denied Reimund's cross-motion for partial summary judgment. Although we conclude that the filing of the tort claim in the divorce case was not void or improper under the particular and unusual facts presented herein, we note that the better practice is to file such a claim in a separate action in a general division of a court of common pleas. Such a practice alleviates much of the ambiguity upon which appeals are based.
 {¶ 21} Reimund's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II As a matter of law, the Trial Court committed error prejudicial to the plaintiff-appellant when it determined that a tort claim for assault and battery remains pending in a domestic relations case following the adoption of the magistrate's decision and entry of a final judgment by the trial judge, pursuant to Rule 53 of the Ohio Rules of Civil Procedure.
 {¶ 22} In her second assignment of error, Reimund argues that the tort claim is not pending because it merged into a final judgment in the divorce case. The judgment in the divorce case was final, Reimund argues, because the trial judge adopted the magistrate's written decision, the divorce case was appealed, and this court issued a subsequent decision.
 {¶ 23} To support her arguments, Reimund cites Civ. R. 53(E)(3)(d) and (E)(4)(a).[4] Civ. R. 53(E)(3)(d) provides: "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Civ. R. 53(E)(4)(a) also provides: "The court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision."
 {¶ 24} Reimund does not present, nor have we found, any additional controlling or persuasive authority to support her arguments that the tort claim merged into a final judgment. And in the absence of such authority, we agree with the trial court that any failure or refusal to consider the tort claim was, as the trial court noted in its judgment entry in this case, not a "final disposition of the claim" and that Reimund was not provided an opportunity to exercise her right to trial by jury regarding the claim. See Civ. R. 38(A) ("The right to trial by jury shall be preserved to the parties inviolate"). As such, we find that the tort claim did not merge into a final judgment and that the tort claim remains pending.
 {¶ 25} In order to establish a cause of action for legal malpractice, however, Reimund must prove (1) that Hanna owed a duty or obligation to her, (2) that Hanna breached the duty or obligation by failing to conform to the applicable standard of care, and (3) that the breach of the duty or obligation caused Reimund to sustain damage or loss. SeeVahila v. Hall (1997), 77 Ohio St.3d 421, 674 N.E.2d 1164, syllabus.
 {¶ 26} Since the tort claim remains pending, Reimund cannot establish the essential element at this time that she sustained damage or loss as a result of any alleged malpractice. We must, therefore, conclude that this case is premature and that the trial court did not err when it granted Hanna's motion for summary judgment other than on the merits and denied Reimund's cross-motion for partial summary judgment.
 {¶ 27} Reimund's second assignment of error is also overruled.
 ASSIGNMENT OF ERROR The Trial Court Erred in concluding that the assault claim was still pending, and in failing to enter final judgment for Defendant Drew Hanna.
 {¶ 28} In his sole assignment of error, Hanna argues that the tort claim is not pending because Reimund "abandoned" it during the divorce case and, under Civ. R. 53(E), the tort claim merged into a final judgment. Additionally, Hanna argues that because Reimund's husband did not respond to the amended divorce complaint and Reimund "abandoned" the tort claim, the two parties "impliedly consented" to a "non-jury resolution" and to withdraw the jury demand under Civ. R. 38(D), which provides that jury demand "may not be withdrawn without the consent of the parties."
 {¶ 29} For the reasons set forth in our analysis of Reimund's second assignment of error, we cannot say that tort claim merged into a final judgment and was thereby extinguished. Nor can we say that Reimund's husband's failure to respond to the amended divorce complaint, or Reimund's failure to pursue the tort claim, otherwise disposed of the tort claim or relinquished the right to trial by jury regarding the claim. Accordingly, we find Hanna's arguments unpersuasive and conclude that the trial court did not err when it granted Hanna's motion for summary judgment other than on the merits.
 {¶ 30} Hanna's sole assignment of error is, therefore, overruled.
 {¶ 31} Having found no error prejudicial to Reimund or Hanna in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 SHAW, J., concurs.
 ROGERS, J., concurs in judgment only.
[1] The amended divorce complaint provides: "Defendant hasassaulted the Plaintiff resulting in personal injuries to the Plaintiff; because of these personal injuries, Plaintiff has incurred medical expenses, pain and suffering; permanent disability; and loss of past, present, and future earnings." (Emphasis added.) Thus, technically, the amended divorce complaint does not allege, as Reimund represents, claims for assault and battery. conclusion when viewing the evidence in favor of the non-moving party, and the conclusion is adverse to the non-moving party. Civ. R. 56(C); State ex rel. Cassels v. Dayton City School Dist.Bd. of Edn. (1994), 69 Ohio St.3d 217, 219, 631 N.E.2d 150.
[2] Civ. R. 53(C) was amended and reorganized effective July 1, 2006. Because this case was filed prior to the effective date of the amendment, however, any changes to the Civil Rule do not apply in this appeal.
[3] Either way, the trial judge would resolve the tort claim at issue. This is because a trial judge must adopt a magistrate's decision before it becomes effective. Civ. R. 53(E)(4)(a).
[4] Reimund cited former division 53(E)(3)(b) in her brief rather than the proper amended division, 53(E)(3)(d).