OPINION
{¶ 1} Richard D. Polk, Sr. ("Richard") appeals from the judgment of the Trumbull County Court of Common Pleas, Division of Domestic Relations, granting Kimberly S. Polk ("Kimberly") divorce in a contested proceeding. We affirm.
 {¶ 2} Richard and Kimberly were married September 4, 1982, in Andover, Ohio. There is issue of the marriage, Richard, Jr., emancipated at the time these proceedings *Page 2 
commenced; Jamie, also now emancipated; Jenna, born June 21, 1988; and Justin, born May 17, 1994. Kimberly, represented by Attorney Anthony G. Rossi, filed for legal separation November 26, 2003. January 14, 2004, Richard, represented by Attorney Roger R. Bauer, filed his answer. Mr. Bauer moved the trial court for permission to withdraw as Richard's counsel February 27, 2004. The motion was granted March 2, 2004. Richard continued pro se. June 29, 2004, Kimberly amended her complaint to one for divorce.
 {¶ 3} October 4, 2004, Attorney John H. Large, appeared for Richard, and moved the trial court for continuance of the trial, set for October 6, 2004. The trial court granted this motion October 6, 2004, and rescheduled trial for January 18, 2005. That day, extensive settlement discussions were held between the parties and their attorneys, but agreement could not be reached. January 20, 2005, the trial court issued its order rescheduling trial for the first available date.
 {¶ 4} May 31, 2005, the parties and their attorneys appeared for trial. Richard informed the trial court that he was discharging Attorney Large. Richard stated that he was trying to arrange for new representation, and requested a continuance. The trial court denied the continuance, and trial commenced, with Richard representing himself.
 {¶ 5} The numerous issues outstanding between the parties could not be resolved in a single day. The trial court did not recommence proceedings until October 12, 2005, so Richard could find an attorney. Richard had not arranged for legal representation, and continued to act pro se. Testimony finally concluded January 30, 2006, with Richard still unrepresented. *Page 3 
 {¶ 6} March 22, 2006, the trial court filed its judgment entry of divorce. April 20, 2006, Richard timely noticed this appeal, assigning one error:
 {¶ 7} "The trial court erred in allowing appellant to proceed to trial without counsel while under medical disabilities."
 {¶ 8} "The decision whether to grant a continuance is within the sound discretion of the trial court." Hartt v. Munobe (1993), 67 Ohio St.3d 3,9. Consequently, "[a]n appellate court will not find error `unless it clearly appears, from all the facts and circumstances, that there has been an abuse of discretion, operating to the prejudice of the party in the final determination of the case.'" Garrett v. Garrett (1977), 54 Ohio App.2d 25, 34. (Citation omitted.) "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 9} There is considerable testimony in the transcript concerning Richard's various physical and mental ailments. He was in an automobile accident in 2003, which evidently caused him extensive physical injury and, in the finding of the trial court, some memory loss. He claims to have become addicted to Oxycontin during this period. Kimberly testified that Richard suffered from long term alcohol and drug abuse problems. Richard claimed to suffer from serious liver disease, causing an elevated ammonia level in his system, with memory loss and impaired judgment resulting. There are indications in the record that he has suffered three heart attacks; he also claims to suffer from high blood pressure and diabetes.
 {¶ 10} The foregoing catalogue of impairments forms the basis of Richard's assignment of error. The trial court abused its discretion in not granting a continuance, *Page 4 
following Richard's dismissal of Attorney Large on the first day of trial, since Richard was too ill to act competently as his own attorney.
 {¶ 11} "To constitute a sufficient ground for a continuance because of the absence of a party it must appear that the absence is unavoidable, and not voluntary; that his presence at the trial is necessary; that the application is made in good faith; and that he probably will be able to attend court at some reasonable future time." State, ex rel. Buck v.McCabe (1942), 140 Ohio St. 535, paragraph two of the syllabus. The Supreme Court of Ohio has applied McCabe in analyzing whether the Board of Tax Appeals abused its discretion in denying a continuance to allow an expert who was too ill to testify. Coats v. Limbach (1989),47 Ohio St.3d 114, 116-117. As the Coats court noted, "unreasonable delays are intolerable, and continuances are justifiable according to the circumstances." Id. at 116. Thus, trial courts and other tribunals are required to balance the right of a party to attend trial with the need to avoid unnecessary delays. Id. at 116. This same analysis applies when considering the need for a continuance when an expert witness is too ill to attend. Id. at 117.
 {¶ 12} In Davis v. Shigley (1950), 88 Ohio App. 423, 426, the Second Appellate District noted the following regarding continuances premised on illness of counsel:
 {¶ 13} "`[w]hile the granting or refusing of a continuance on account of the illness of counsel is a matter of discretion with the court, it is usually considered a good ground for continuance that the counsel employed is too ill to conduct the cause when the same is called for a hearing; but in such case it must appear that applicant has a meritorious cause or defense, that the particular counsel was necessary to the proper presentation *Page 5 
of the cause, and that there was no time or opportunity, to employ other counsel to conduct it.'" (Citation omitted.)
 {¶ 14} In Lowe v. Lowe (Dec. 23, 1985), 2d Dist. No. CA 9544, 1985 Ohio App. LEXIS 9905, at 4-7, the Second District, relying on case law from other jurisdictions, determined that a trial court abused its discretion in failing to grant a continuance when a party's counsel withdrew on or near the day of trial.
 {¶ 15} Even though none of the cases cited above is strictly analogous to the instant situation, it seems to us their thrust is clear: in determining whether to grant or deny a continuance, a trial court should balance the need to control its docket, and the right of the nonmoving party to a disposition of the cause, against the prejudice to the moving party resulting from failure to grant the continuance requested. Continuances should be granted liberally, when "* * * necessary to maintain a fair proceeding." Losch v. DeNoi (May 24, 1991), 11th Dist. No. 89-T-4288, 1991 Ohio App. LEXIS 2369, at 8.
 {¶ 16} In this case, the party seeking a continuance — Richard — was not too ill, or otherwise practically unable, to attend trial. His counsel was not too ill to attend, nor did that counsel simply withdraw without notice: Richard fired him, for no reason appearing of record. Richard had been granted a prior continuance of trial so his counsel could prepare the case. The record does not reveal that Richard was unable to conduct an effective, pro se presentation of his case, despite any potential ailment; rather, it shows him to be alert, feisty, even argumentative. Given more than four months to obtain new counsel between the first and second days of trial, and almost four additional months to obtain counsel before the third day, Richard failed to do so. *Page 6 
 {¶ 17} Nothing in the record shows any prejudice to Richard relating to the denial of his motion for continuance. The record shows the delay to Kimberly, and the trial court, in disposing of the case would have been unreasonable, and thus, "intolerable." Coats at 116. There was no error, much less any abuse of discretion, in the trial court's decision.
 {¶ 18} The assignment of error is without merit. The judgment of the Trumbull County Court of Common Pleas, Division of Domestic Relations, is affirmed.
CYNTHIA WESTCOTT RICE, P.J., DIANE V. GRENDELL, J., concur.