OPINION
{¶ 1} Appellant, Steven P. Hasch, appeals the magistrate's decision and the judgment entries of the Lake County Court of Common Pleas, Domestic Relations Division, adopting the magistrate's decision, granting a divorce to appellee, Debra J. Hasch, and denying appellant's motion for an extension of time to file objections to the magistrate's decision. At issue is whether appellant was entitled to an extension to file objections. For the reasons that follow, we affirm. *Page 2 
 {¶ 2} On February 7, 2007, appellee filed a complaint for legal separation from appellant, and served him by certified mail at his residence, 30 E. Georgia St., Apt. 502, Indianapolis, Indiana 46204 on February 14, 2007.
 {¶ 3} On March 7, 2007, Attorney Mary K. Bender filed her notice of appearance on behalf of appellant. On March 8, 2007, appellant through his attorney filed his answer.
 {¶ 4} A case management conference was held by the magistrate on April 18, 2007, at which John W. Bosco, attorney for appellee, and Ms. Bender were present. On April 19, 2007, the magistrate issued an order and a separate notice, both scheduling the case for trial on June 28, 2007 at 9:00 a.m. Copies of this order and notice were mailed by the clerk to counsel for both parties. Further, the court's docket indicates that on April 19, 2007, an order was filed setting the case for trial on June 28, 2007 at 9:00 a.m.
 {¶ 5} Then, on May 9, 2007, Attorney Bender filed a motion to withdraw as attorney of record. In support she filed her affidavit in which she stated:
 {¶ 6} "2. [Mary K. Bender] seeks to withdraw as counsel for [appellant] * * * because [his] conduct renders it unreasonably difficult for [her] to carry out her employment effectively. [She] has sent letters by regular and certified mail and has made numerous telephone calls to [appellant], but [he] has not answered letters, supplied requested documents or returned telephone calls.
 {¶ 7} "* * *
 {¶ 8} "4. [Appellant] has been advised of all scheduled dates in this matter.
 {¶ 9} "* * * *Page 3 
 {¶ 10} "6. [Appellant] has been served with a copy of this Motion by certified and regular mail, and the client is hereby advised of the right to object to this Motion to Withdraw as Attorney of Record * * *."
 {¶ 11} The certificate of service attached to Ms. Bender's motion to withdraw certifies she sent a copy of the motion to withdraw and her affidavit by regular and certified mail to appellant at his Indiana address of record on May 10, 2007.
 {¶ 12} Counsel's motion to withdraw was granted by the magistrate's order filed on May 14, 2007, and on that date the clerk sent a copy of the order granting the motion to appellee's counsel, Ms. Bender, and appellant at his address of record. Also, on May 14, 2007, the clerk mailed a copy of the April 14, 2007 notice of the June 28, 2007 trial to appellant at his address of record. The docket does not indicate this order or notice was returned to the trial court as undeliverable.
 {¶ 13} On June 7, 2007, appellee filed an amended complaint for divorce. The matter came on for trial on June 28, 2007. Appellee and her attorney were present, but neither appellant nor counsel on his behalf attended. The magistrate in his decision found that appellee had established the parties had lived separate and apart for more than one year, entitling her to a divorce, and that the judgment entry of divorce proffered by appellee was fair, just, and equitable. The clerk sent a copy of the magistrate's decision to appellant on June 28, 2007 by regular mail to his Indiana address of record and filed a postal certificate of mailing. Appellant's copy was not returned to the court by the post office as undeliverable.
 {¶ 14} Appellant failed to file objections to the magistrate's decision within 14 days of the filing of the decision, as required by Civ.R. 53, and on July 17, 2007, the *Page 4 
court filed two judgment entries, one adopting the magistrate's decision, and the other, granting to appellee a divorce from appellant. On July 19, 2007, the court issued a "notice of final appealable order" regarding the July 17, 2007 judgment entries to the parties, including appellant at his address of record by regular mail with a postal certificate of mailing. The docket does not show the notice sent to appellant was returned to the court as undeliverable.
 {¶ 15} Thereafter, on July 26, 2007, appellant, through his new counsel John Hawkins, filed a motion for an extension of time in which to file objections to the magistrate's decision. In support appellant claimed he had moved from his Indiana residence on June 12, 2007, to 2621 Prescott Road #40, Modesto, CA, and that the clerk had erroneously mailed the magistrate's decision to him at his previous address in Indiana. He argued he therefore did not receive the decision in time to file timely objections to the magistrate's decision. Appellant conceded he received the magistrate's decision, but did not state when he received it. Appellant did not file an affidavit or any evidentiary materials in support of the motion. Further, appellant did not file any proposed objections to the magistrate's decision.
 {¶ 16} On August 15, 2007, while his motion for extension was pending, appellant filed his notice of appeal from the magistrate's June 28, 2007 decision; the trial court's July 17, 2007 judgment entry adopting the magistrate's decision; the July 17, 2007 judgment entry of divorce, and the court's denial of his motion for extension, although the court had not as yet entered a decision on his motion.
 {¶ 17} In March, 2007, the trial court, pursuant to our remand for a ruling on appellant's motion for extension, entered a judgment denying appellant's motion. In its *Page 5 
judgment entry, the court noted that after failing to cooperate with his attorney, appellant chose not to attend the trial. The court stated, "[appellant's] request for permission to file objections is not good cause when he alone failed to timely report to the Court or Clerk's Office any change in his address. It would be grossly inequitable for Husband's decision to ignore pending proceedings and trial to now prolong this litigation in that [appellant] is not satisfied with the Magistrate's Decision as to trial."
 {¶ 18} Appellant appeals the foregoing magistrate's decision, the trial court's July 17, 2007 judgment entries, and the court's entry denying his motion for extension, asserting for his sole assignment of error:
 {¶ 19} "THE COURT ERRED WHEN IT DENIED APPELLANT'S MOTION UNDER CIV.R. 53(D)(5)."
 {¶ 20} Under this assigned error, appellant argues that because the clerk sent the June 28, 2007 magistrate's decision to his previous address and because he did not receive it in time to file timely objections to the magistrate's decision, the trial court was required to grant his motion for extension pursuant to Civ.R. 53(D)(5). We do not agree. Civ.R. 53(D)(5) provides:
 {¶ 21} "For good cause shown, the court shall allow a reasonable extension of time for a party to file a motion to set aside a magistrate's order or file objections to a magistrate's decision. `Good cause' includes, but is not limited to, a failure by the clerk to timely serve the party seeking the extension with the magistrate's order or decision."
 {¶ 22} Initially, we note that appellant's motion for extension is not authorized by Civ.R. 53(D)(5). According to the express language of this rule, such motion may only be made to obtain an extension to (1) file a motion to set aside a magistrate's order or *Page 6 
to (2) file objections to a magistrate's decision. Such orders or decision are made prior to final judgment, which in this case was comprised of the court's judgment entries of July 17, 2007. The extension provided by Civ.R. 53(D)(5) is thus directed only to interlocutory orders and cannot be used to seek an extension after final judgment has been entered.
 {¶ 23} Here, appellant filed his motion for extension nine days after final judgment was entered. As of that date, the magistrate's orders and decision had merged into the trial court's final judgment, and, pursuant to Civ.R. 53(D)(5), the trial court was not authorized to grant appellant's motion for extension. However, even if appellant's motion for extension had been authorized by Civ. R. 53, it would not have been well taken.
 {¶ 24} From our review of the record, we observe that appellant submitted no affidavits or evidentiary materials of any kind in support of his motion for extension. The determination of cause for an extension is based on the facts and circumstances of each case as proven by affidavit or other evidentiary materials. Reimund v. Reimund, 3d Dist. No. 5-04-52, 2005-Ohio-2775, at ¶ 14 and 17. Because there is no evidence in the record supporting appellant's motion, appellant was not entitled to an extension. However, even if appellant had submitted an affidavit or other evidence in support of the argument in his motion, he still would not have been entitled to an extension.
 {¶ 25} This court has held the decision whether to grant a continuance is within the sound discretion of the trial court. Polk v. Polk, 11th Dist. No. 2006-T-0048, 2007-Ohio-2049, at ¶ 8. An appellate court will not find error unless it clearly appears, from all the facts and circumstances, that the trial court abused its discretion. Id. The term *Page 7 
"abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Id.
 {¶ 26} Prior to the recent adoption of Civ.R. 53(D)(5), effective July 1, 2006, a motion for extension under Civ. R. 53 was determined pursuant to Civ.R. 6. Reidmund, supra. Under Civ.R.6(B), a trial court may grant an extension in its discretion after the time for doing an act has expired where the failure to act was the result of excusable neglect of the party or of his counsel. The cases decided under that rule provide guidance as to the meaning of "good cause" under Civ.R. 53(D)(5). Courts have held that the following are examples of excusable neglect: where default judgment was entered against a party who had no knowledge or notice of the pending litigation; where the movant's attorney suffered from personal illness; and where counsel failed to appear for trial because he had not received notice of a rescheduled trial date.Reimund, supra, at ¶ 15. In contrast, neglect has been held to be inexcusable when a party's inaction can be characterized as a disregard for the judicial system. Id. at ¶ 16, citing GTE Automatic Elec, Inc. v.ARC Industries, Inc. (1976), 47 Ohio St.2d 146, 153. Further, if the party could have prevented the circumstances from occurring, neglect is not excusable. Reimund, supra, at ¶ 16.
 {¶ 27} The record in this case demonstrates appellant had more than two months' advance notice of the trial and simply chose not to attend. On April 19, 2007, notice of the June 28, 2007 trial date was sent to his then counsel Mary Bender. Service of the trial court's orders is governed by Civ.R. 5(B), which provides:
 {¶ 28} "Whenever under these rules service is required or permitted to be made upon a party who is represented by an attorney of record in the proceedings, the service *Page 8 
shall be made upon the attorney * * *. Service upon the attorney or party shall be made by * * * mailing it to the last known address of the person to be served * * *. * * * Service by mail is complete upon mailing. * * *"
 {¶ 29} Since Attorney Bender still represented appellant on April 19, 2007, when the clerk mailed her a copy of the magistrate's order scheduling the June 28, 2007 trial, service on appellant was complete when the order was mailed to his counsel on April 19, 2007. Further, Ms. Bender states in her uncontradicted affidavit that she advised appellant "of all scheduled dates in this matter."
 {¶ 30} In addition, when the magistrate granted Ms. Bender's motion to withdraw on May 14, 2007, the clerk mailed a copy of the magistrate's order setting the trial to appellant at his address of record. That order was not returned to the court as undeliverable, and we therefore presume that appellant received it at that time. Civ.R. 4.6(D).
 {¶ 31} Further, the clerk sent a copy of the magistrate's decision to appellant on June 28, 2007 at his record address, and this copy was not returned by the post office as undeliverable. Finally, appellant never provided his new address to the court until he filed his motion for extension on July 26, 2007. Any delay in appellant's receipt of the magistrate's decision could have been prevented if he had timely provided the court with his changed address. His failure to timely file objections was therefore not the result of excusable neglect.
 {¶ 32} This court addressed the same issues raised in this case inNalbach v. Cacioppo, 11th Dist. No. 2001-T-0062, 2002-Ohio-53, 2002 Ohio App. LEXIS 83. In that divorce case, the attorney for the appellant-wife moved to withdraw as appellant's *Page 9 
counsel stating the wife had moved to Florida and when he tried to contact her at the Florida address she had given him, the letter was returned, marked "addressee unknown." The court granted the motion to withdraw, and then later scheduled a hearing on appellee-husband's motion to change custody. The clerk noted the scheduling of the hearing on the court's docket, and sent notice of the hearing to the wife at her last known address in Trumbull County. The notice was returned to the court, indicating the addressee had moved and left no forwarding address. The wife failed to appear at the hearing. Following the hearing, the trial court entered judgment granting the husband's motion for custody. Subsequently, the wife's new attorney filed a petition for writ of habeas corpus in this court, arguing the trial court violated the wife's due process rights by sending the hearing notice to her at her last known Trumbull County address. In denying the writ, this court held, "the entry of the trial date upon the trial court's docket is sufficient to satisfy the requirements of due process because a party is responsible for keeping track of the status of her case." Id. at *12.
 {¶ 33} This court in Nalbach further held that, although no further notice of the hearing was required, the clerk's issuance of notice of the hearing sent to the wife by regular mail to her last known address provided sufficient notice to her of the hearing. This court noted that under Civ.R. 5(B), a trial court's judgment entry can be served upon a party by mailing it to the party's "last known address," and that service by regular mail is complete upon mailing of the entry by the clerk. Id. at *14.
 {¶ 34} This court's holding in Nalbach applies with greater force here because the trial court sent notice of the trial date to appellant's counsel when she still represented appellant. Further, the clerk entered that date on the court's docket. Also, *Page 10 
upon granting counsel's motion to withdraw, the clerk sent a copy of the notice of trial to appellant at his last known address. Appellant thus had more than two months' advance notice of the trial, and simply chose not to attend without offering any explanation. Moreover, on June 28, 2007, the clerk entered the magistrate's decision on the docket, and mailed a copy of that decision to appellant at his last known address. He therefore had contemporaneous notice of the magistrate's decision, but failed to file objections.
 {¶ 35} In Nalbach, appellant also argued her due process rights were violated because the clerk did not send notice of the hearing to her at her new address in Florida. This court held that a pro se litigant has the responsibility to keep the trial court informed as to any changes in his or her address. Id. at *15-*16. This court held: "Given that informing the trial court of a new address is relatively simple, it follows that the burden of satisfying this requirement cannot be shifted to the opposing party or the trial court." Id. at *16. Because appellant failed to provide his changed address to the court at any time prior to the filing of his motion for extension, he made it impossible for the court to serve him at his new address.
 {¶ 36} In sum, although appellant had two months notice of the trial, he voluntarily chose not to attend or to provide his changed address to the trial court. Thus, any delay in appellant's receipt of the June 28, 2007 decision of the magistrate was attributable to him alone. We therefore hold that, even if appellant's motion for extension had been authorized by Civ. R. 53, which it was not, appellant failed to provide good cause in support of his motion, and the trial court did not abuse its discretion in denying it. *Page 11 
 {¶ 37} Finally, as noted supra, appellant never filed proposed objections to the magistrate's decision as part of his motion for extension. Civ.R. 53(D)(3)(iv) provides: "a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ. R. 53(D)(3)(b)." Because appellant failed to file proposed objections to the magistrate's decision, the trial court was unable to consider whether appellant had meritorious objections to assert. For this additional reason, the trial court did not abuse its discretion in denying appellant's motion.
 {¶ 38} For the reasons stated in the Opinion of this court, the assignment of error is not well taken. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.
 COLLEEN MARY OTOOLE, J., MARY JANE TRAPP, J., concur. *Page 1