[Cite as *Farm Supply Ctr., Inc. v. Pelanda*, 2021-Ohio-741.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| FARM SUPPLY CENTER, INC. | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellant | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. CT2020-0039 |
| DOROTHY PELANDA, DIRECTOR,<br>et al. | |
| Defendants-Appellees | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Case No. CF2019-0165 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | March 12, 2021 |

APPEARANCES:

| For Plaintiff-Appellant | For Defendants-Appellees |
|---|---|
| MILES D. FRIES<br>SUSAN J. McDONALD<br>GOTTLIEB, JOHNSTON, BEAM<br>& DAL PONTE<br>320 Main Street<br>P. O. Box 190<br>Zanesville, Ohio 43702-0190 | DAVE YOST<br>ATTORNEY GENERAL<br>JAMES R. PATTERSON<br>LYDIA ARKO ZIGLER<br>ASSISTANT ATTORNEYS GENERAL<br>30 East Broad Street, 26th Floor<br>Columbus, Ohio 43215 |

*Wise, J.*

{¶1} Appellant, Farm Supply Center, Inc., appeals from the June 24, 2020 Judgment Entry by the Muskingum County Court of Common Pleas. Appellee is Dorothy Pelanda. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

{¶2} On July 26, 2018, the Ohio Department of Agriculture issued an order and written notice of opportunity for a hearing on the proposed revocation of Appellant's Ohio Commercial Feed Registration License for violating Ohio's livestock feed laws.

{¶3} A hearing before the administrative agency was scheduled for August 17, 2018. Appellee requested a continuance, which was granted.

{¶4} On October 15, 2018, a new hearing was scheduled for February 7, 2019. Written notice of the new hearing date was served on Appellant by certified mail on October 16, 2018.

{¶5} On February 7, 2019, Appellant failed to appear for the hearing. The hearing went forward with Appellee presenting evidence before the hearing officer.

{¶6} The hearing officer then issued a written report and recommendation finding that the evidence supported the violations alleged by Appellee and recommending that Appellant's feed registration be revoked.

{¶7} On February 25, 2019, Appellant filed written objections to the report and recommendations.

{¶8} Appellant appealed to the Muskingum County Court of Common Pleas. On June 24, 2020, in affirming the administrative hearings decision, the trial court held that the revocation order was supported by reliable, probative, and substantial evidence, that

the revocation of Appellant's feed registration was authorized, and there was no procedural defect in handling the administrative hearing.

**ASSIGNMENTS OF ERROR**

{¶9}   On June 13, 2019, Appellant filed a notice of appeal and herein raises the following three Assignments of Error:

{¶10}  "I. THE ADMINISTRATIVE PROCEEDING DENIED APPELLANT DUE PROCESS OF LAW.

{¶11}  "II. THE ADMINISTRATIVE AGENCY ERRED IN REFUSING TO GRANT APPELLANT A CONTINUANCE OF THE HEARING.

{¶12}  "III. THE TRIAL COURT'S DECISION AFFIRMING THE ADMINISTRATIVE AGENCY WAS NOT SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE AND WAS NOT IN ACCORDANCE WITH LAW."

**Standard of Review**

{¶13}  In an appeal of an administrative order under R.C. 119.12, the trial court:

[M]ay affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with the law. Absent such a finding, it may reverse, vacate, or modify the order or make such other ruling as supported by reliable, probative, and substantial evidence and is in accordance with law.

{¶14}  In *Our Place, Inc. v. Ohio Liquor Control Comm.*, 63 Ohio St.3d 570, 571, 589 N.E.2d 1303,1305 (1992), the Supreme Court of Ohio explained:

The evidence required by R.C. 119.12 can be defined as follows: (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. * * *(2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. * * * (3) "Substantial" evidence is evidence with some weight; it must have importance and value.

{¶15} An appellate court's review is more limited than the trial court. *Fire v. Ohio Dept. of Job & Family Servs.*, 5th Dist. Stark No. 2004CA00374, 163 Ohio App.3d 392, 2005-Ohio-5214, 837 N.E.2d 1257, ¶19. "[A]n appellate court shall review evidentiary issues to determine whether the common pleas court abused its discretion in determining whether the agency decision was supported by reliable, probative, and substantial evidence. *Id.* Issues of law are reviewed de novo. *Id.*

{¶16} In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**I.**

{¶17} In Appellant's First Assignment of Error, Appellant argues their due process rights were violated by granting a continuance to Appellee and scheduling the hearing over fifteen days after the hearing was requested. We disagree.

{¶18} R.C. 119.07 provides:

Whenever a party requests a hearing in accordance with this section and section 119.06 of the Revised Code, the agency shall immediately set the date, time, and place for the hearing and forthwith notify the party thereof. The date for

the hearing shall be within fifteen days, but not earlier than seven days, after the party has requested a hearing, unless otherwise agreed to by both the agency and the party.

**{¶19}** R.C. 119.09 in pertinent part provides, "[a]n agency may postpone or continue any adjudication hearing upon the application of any party or upon its own motion."

**{¶20}** In civil proceedings, due process requires notice and a meaningful opportunity to be heard. *State v. Hayden*, 96 Ohio St.3d 211, 773 N.E.2d 502 (2002); *Shell v. Shell*, 5th Dist. Stark No. 2010CA00026, 2010-Ohio-5813, citing *Matthews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893 (1976).

**{¶21}** In the case *sub judice*, Appellee scheduled the hearing initially for August 17, 2018, in accordance with R.C. 119.07. Appellee then exercised its authority under R.C. 119.09 to continue the hearing until February 7, 2019. On October 16, 2018, Appellant was served notice of the new hearing date.

**{¶22}** Appellant was served written notice of the new hearing date on October 16, 2018. Appellant failed to appear at the hearing. Appellant argues that her secretary suffered a stroke, and Appellant had to assume extra responsibilities around the office. This led to Appellant forgetting about the hearing date. As Appellant had both notice of the hearing date nearly four months in advance and an opportunity to be heard, we find the trial court's decision was in accordance with law, and the trial court did not abuse its discretion.

**{¶23}** Appellant's First Assignment of Error is overruled.

**II.**

**{¶24}** In Appellant's Second Assignment of Error, Appellant argues the agency erred in refusing to grant Appellant a continuance of the hearing. We disagree.

**{¶25}** The decision to grant or deny a continuance lies within the sound discretion of the agency. *Coats v. Limbach*, 47 Ohio St.3d 114, 116, 548 N.E.2d 917 (1989). This Court will affirm the agency's decision to deny a continuance absent a showing that the agency acted unreasonable, arbitrary, or unconscionable. *EOP-BP Tower, L.L.C. v. Cuyahoga Cty. Bd. of Revision,* 106 Ohio St.3d 1, 2005-Ohio-3096, 829 N.E.2d 686, ¶14.

**{¶26}** "To constitute a sufficient ground for a continuance because of the absence of a party it must appear that the absence is unavoidable, and not voluntary; that his presence at trial is necessary; that the application is made in good faith; and that he probably will be able to attend court at some reasonable future time." *Coats* at 116, citing *State, ex rel. Buck, v. McCabe* (1942), 140 Ohio St. 535, 24 O.O. 552, 45 N.E.2d 763, paragraph two of the syllabus.

**{¶27}** In *State, ex rel. Buck*, the trial court granted a continuance for the defendant, a soldier, who was engaged in foreign military service. *Id.* No abuse of discretion was found. *Id.*

**{¶28}** In the case *sub judice*, Appellant had a nearly four-month notice of the hearing date, time, and location, Appellant did not show an unavoidable reason in the record such as an illness, or military service. Appellant "had simply forgotten," as stated in Appellant's brief. As Appellant has failed to meet the first prong of this test, the trial court did not abuse its discretion in denying Appellant's request for a continuance.

**{¶29}** Appellant's Second Assignment of Error is overruled.

**III.**

**{¶30}** In Appellant's Third Assignment of Error, Appellant argues the trial court's decision was arbitrary and unreasonable. We disagree.

**{¶31}** It is not the role of the reviewing court to substitute its own judgment for that of the agency. *Henry's Café, Inc. v. Ohio Bd. of Liquor Control*, 170 Ohio St. 233, 163 N.E.2d 678 (1959). Again, the trial court may affirm the administrative order if, upon a review of the record, they find the order was supported by reliable, probative, and substantial evidence and is in accordance with law. *Our Place* at 571. The Ohio Supreme Court defines reliable evidence as dependable and easily trusted, probative evidence as tending to prove the issue in question, and substantial evidence as evidence with importance and value. *Id*.

**{¶32}** In the case *sub judice*, Inspector Sollars testified that during the June 28, 2018, inspection, he discovered the log records showed that a bag of medicated goat feed, containing Monensin, was run through the mixer on June 26, 2018. The mixer was not flushed, therefore the next run of feed must be for an animal which could safely consume Monensin. The logs showed the next run was for an unidentified animal and was in violation of R.C. 923.48.

**{¶33}** Next, Sollars and Supervisor Holton testified Appellant's facility was pervasively contaminated with dust. The contamination was so severe that it posed a threat of contaminating bins and open bags of feed ingredients, preventing the accurate weighing of feed loads, preventing the reading of ingredient names, and deterring vermin infestation. Sollars and Holton noted this was a violation of Ohio Admin.Code 901:5-7-05(A).

**{¶34}** Sollars and Holton also testified Appellant improperly stored feed in the immediate proximity to herbicides in violation of Ohio Admin.Code 901:5-7-05(C).

**{¶35}** The trial court found Appellee presented reliable, probative, and substantial evidence that Appellant violated R.C. 923.51(A), Ohio Admin.Code 901:5-7-15, Ohio Admin.Code 901:5-7-05(A), and Ohio Admin.Code 901:5-7-05(C). The trial court also found Appellee presented reliable, probative, and substantial evidence Appellant was served with proper notice, and that the agency's order was in accordance with law.

**{¶36}** Accordingly, we hold the trial court did not abuse its discretion when it found the administration order was supported by reliable, probative, and substantial evidence and was in accordance with law.

**{¶37}** Appellant's Third Assignment of Error is overruled.

**{¶38}** For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Hoffman, J., concur.

JWW/d 0305