PRIME KOSHER FOODS, INC., OPERATING AS WEISS PACKING COMPANY, APPELLANT, *v.* ADMINISTRATOR, BUREAU OF EMPLOYMENT SERVICES, ET AL., APPELLEES.

(No. 86AP-1087 — Decided June 25, 1987.)

*Squire, Sanders & Dempsey* and *William J. Wahoff,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Sherrie J. Passmore* and *Lawrence J. Hackett,* for appellees.

REILLY, J. This is an appeal from a judgment of the Court of Common Pleas of Franklin County, affirming the order of the Unemployment Compensation Board of Review ("board") finding appellant, Prime Kosher Foods, Inc., operating as Weiss Packing Company ("appellant"), liable for contributions concerning certain persons.

Appellant is a kosher meat packing plant. It contracted with Sugardale Meat Packing Plant for the ritual slaughter of cattle in accordance with the kosher discipline.

Appellant also contracted with National Kashruth, a New York corporation engaged in the kosher certification of foods and services, to provide a "Mashgiah." The Mashgiah's duty is to oversee and supervise the kosher processing and meat production. Rabbi Yacov Lipschutz, the Mashgiah, was delegated the responsibility of supervising the ritual slaughter of the cattle according to Jewish law on behalf of National Kashruth in connection with appellant's operations at the Sugardale Plant.

The record indicates that appellant employed Shimeon Weiner as a meat tagger at the Sugardale Plant. His duties were to affix an identification tag to the carcasses of the animals that had been slaughtered. Weiner and other similarly situated workers were paid on a per diem, per job basis directly by appellant.

The Adminstrator of the Ohio Bureau of Employment Services ("ad-

ministrator") determined in 1984 that appellant should be held responsible for contributions to the unemployment compensation fund for Weiner and other similarly situated workers, presumably meat taggers. Appellant filed an application for reconsideration. The administrator's reconsidered decision affirmed the previous determination. Subsequently, appellant appealed to the board and submitted additional evidence. The board found that Weiner and the other workers were employees of appellant.

Appellant filed its notice of appeal from the trial court's decision, including the following assignment of error:

"The court of common pleas erred in its decision affirming the board of review's determination that the individuals involved in the kosher ritual of slaughtering cattle were employees of appellant, rather than independent contractors."

R.C. 4141.26(B) establishes the applicable standard of review and provides, in pertinent part, that:

"* * * The court may affirm the determination or order complained of in the appeal if it finds, upon consideration of the entire record, that the determination or order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the determination or order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. * * *"

Since appellant's assignment of error raises an issue concerning the trial court's consideration of the evidence, this appeal is limited to the determination of whether the common pleas court abused its discretion. See *Angelkovski* v. *Buckeye Potato Chips Co.* (1983), 11 Ohio App. 3d 159, 11 OBR 242, 463 N.E. 2d 1280. Abuse of discretion connotes more than an error of judgment; rather, it implies a decision that is without a reasonable basis and is clearly wrong.

This case turns upon whether Weiner and the other persons involved in the kosher production process were employees of appellant or were independent contractors. R.C. 4141.01 (B)(1)(b) includes the statutory definition of "employment" which states, in relevant part, that:

"(B)(1) 'Employment' means:

"* * *

"(b) Services performed by an individual for remuneration unless it is shown to the satisfaction of the administrator that such individual:

"(i) Has been and will continue to be free from control or direction over the performance of such service, both under his contract of service and in fact;

"(ii) That such service is outside the usual course of the business for which service is performed; and

"(iii) That such individual is customarily engaged in an independently established trade, occupation, profession, or business."

The Ohio Supreme Court in *Commercial Motor Freight, Inc.* v. *Ebright* (1944), 143 Ohio St. 127, 28 O.O. 56, 54 N.E. 2d 297, however, has held that the above three tests of R.C. 4141.01 (B)(1)(b), otherwise known as the "ABC" test, are inapplicable if independent contractor status is established. The intent of such provisions is not to "* * * widen the scope of the term 'employment' as used in the statute so as to include therein persons not otherwise included, but their function is to exclude from the definition of the term 'employment' persons who might, except for the application of these tests, be included therein. * * *" *Id.* at 136, 28 O.O. at 60, 54 N.E. 2d at 301.

Generally, whether an individual is

an employee or independent contractor depends upon the right and extent of control the employer exercises over the conduct of the individual. In making such a determination, "[t]he principal feature which distinguishes the relationship of employer and employee from that of employer and independent contractor is the right to control the means or manner of doing the work. If the employer has this right to control, the worker is his employee. * * *" *Marshall* v. *Aaron* (1984), 15 Ohio St. 3d 48, 49, 15 OBR 145, 146, 472 N.E. 2d 335, 337. See, also, *Richardson* v. *Mehan* (1982), 69 Ohio St. 2d 52, 23 O.O. 3d 90, 430 N.E. 2d 927; *N & G Constr., Inc.* v. *Lindley* (1978), 56 Ohio St. 2d 415, 10 O.O. 3d 521, 384 N.E. 2d 704. The fact that an employer does not exercise its right of control over an employee is not dispositive as long as the right of control exists and remains with the employer.

The burden rests with appellant to show that it is not responsible for contributions to the Unemployment Compensation Fund. Appellant primarily relies upon two affidavits submitted into evidence, as well as certain provisions in the contract between appellant and National Kashruth in support of its contention that Weiner and the other similarly situated workers are independent contractors and not employees of appellant.

The contract between appellant and National Kashruth provides that only those persons, such as Weiner, who are engaged in the kosher operations, have to be approved for employment by National Kashruth, and are responsible to it for performing the rabbinic functions. The contract further provides that National Kashruth is to supervise the kosher operations and that those assembled in the team are under the direct supervision of the rabbinic supervisors. Nevertheless, there is no evidence that appellant has relinquished its right of control over the workers.

In any event, appellant did not prove that the individuals in question were independent contractors and not its employees. The evidence submitted by appellant were two affidavits, one from Rabbi Lipschutz and the other by Craig Conley.

Conley is employed by Superior's Brand Meats and Sugardale Foods, Inc., as a fresh meats manager. Weiss Packing Company was a customer of Superior's Brand Meats, but Weiss Packing Company, Prime Kosher Foods, Inc., and National Kashruth were not affiliated with Superior's Brand Meats and Sugardale Foods. In his affidavit, Conley states that he had no authority over the religious aspects of the kosher operation. However, when Weiner walked off the Sugardale "kill" floor, Conley called Rabbi Lipschutz to inform him that Weiner had quit his job.

Rabbi Lipschutz stated in his affidavit that he was an ordained and accredited orthodox rabbi and was an employee of National Kashruth. His job was to oversee the ritual slaughter of cattle in the kosher discipline. He stated that it was his responsibility to establish and maintain the kosher standards for the ritual slaughter of the animals and to assemble a team for that purpose.

Among the clients of National Kashruth are Prime Kosher Foods, Inc., and Weiss Packing Company. At Prime Kosher Foods, Inc., Weiner worked as a kosher meat tagger and was required to affix a tag to the carcasses that had been ritually slaughtered and had been found fit for kosher use. This job did not require any special skill. Further, Rabbi Lipschutz stated that the independent persons who perform the ritual slaughtering and who tag the meat are paid on a per diem, per job basis directly by the com-

pany and that they are not employees of National Kashruth and are strictly independent contractors.

The two affidavits and the contract are the only evidence that appellant introduced to show that Weiner was an independent contractor and not an employee of appellant. Appellant contends that the evidence shows that under the ABC test of R.C. 4141.01 (B)(1)(b), the direction and control of Weiner came from Rabbi Lipschutz; that the ritual slaughtering of cattle was outside the usual course of business for Prime Kosher Foods, Inc., which is meat distribution; and that the meat taggers and shochets are independent persons assembled by Rabbi Lipschutz for the purpose of kosher meat slaughter.

The evidence does not sustain appellant's burden of proof. There was no evidence to show, in the first instance, how Weiner came to be working at the plant, that is, whether he was part of an entire group of individuals supplied pursuant to the contract with National Kashruth or whether he was one of several individuals approved by National Kashruth who appellant could then accept or reject. There was no evidence to show who told the taggers and shochets which meats to slaughter and tag or who directly supervised their activities at the plant. There was no evidence as to who established their work days or hours of employment. It is not clear how Weiner's rate of pay was determined and, even if paid by appellant, whether it was pursuant to an offer of employment.

Thus, the trial court did not abuse its discretion by affirming the decision of the board.

Appellant's assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

BOWMAN and GREY, JJ., concur.

GREY, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District.