STRONGSVILLE BOARD OF EDUCATION ET AL., APPELLANTS AND CROSS-APPELLEES, *v.* CUYAHOGA COUNTY BOARD OF REVISION ET AL., APPELLEES; RIVERSIDE RACQUET CLUB, LTD., APPELLEE AND CROSS-APPELLANT.

[Cite as Strongsville Bd. of Edn. *v.* Cuyahoga Cty. Bd. of Revision (1990), 53 Ohio St. 3d 254.]

(No. 88-1487—Submitted January 26, 1990—Decided September 12, 1990.)

*Daniel J. Kolick,* assistant director of law, for appellants Strongsville Board of Education and city of Strongsville.

*John T. Corrigan,* prosecuting attorney, and *William J. Day,* for appellees Cuyahoga County Board of Revision and Cuyahoga County Auditor.

*Kahn, Kleinman, Yanowitz & Arnson Co., L.P.A.,* and *Thomas L. Dettelbach,* for appellee Riverside Racquet Club, Ltd.

*Per Curiam.* Strongsville claims the BTA abused its discretion in denying the motion for continuance, and that the BTA erred in its determination of true value which was based upon evidence which excluded the proposed expert testimony of Strongsville's appraiser. Riverside's cross-appeal asserts the erroneous computation of true value based upon the capitalization rate and the net income estimate used by the BTA.

While there is dispute as to the proper capitalization rate and net income estimate, the initial emphasis should be, as Strongsville has placed it, on whether the BTA abused its discretion in refusing to grant the requested continuance. We find that it did and that its action was unreasonable and unlawful.

In *Coats* v. *Limbach* (1990), 47 Ohio St. 3d 114, 548 N.E. 2d 918, we set forth the criteria to guide the BTA in granting requests for continuances: the witness's absence must be unavoidable, the witness's testimony must be critical, the request must be made in good faith, and the witness's attendance at a future hearing must be probable. Moreover, we stated "* * * courts liberally continue cases because denying a continuance would deny a litigant his day in court." *Coats* v. *Limbach, supra,* at 116, 538 N.E. 2d at 919, citing with approval *Buck* v. *McCabe* (1942), 140 Ohio St. 535, 538, 24 O.O. 552, 553, 45 N.E. 2d 763, 766.

In the instant appeal, counsel for Strongsville proceeded with diligence when advised of the unavailability of his witness in that he: (1) requested opposing counsel to agree to a continuance; (2) contacted the BTA by letter and telephone requesting a continuance; (3) contacted numerous substitute expert witnesses who were also unavailable; (4) filed a formal motion for continuance; and (5) persisted in his effort to obtain a continuance at the hearing before the BTA at which time he attempted to make his case on cross-examination and by reference to the statutory transcript.

We find that Strongsville has shown good cause for a continuance: Strongsville's witness was unavoidably absent, would have given essential testimony and would probably have been available to attend a hearing at some future time, and the request for continuance was made in good faith.

We stated in *Ojalvo* v. *Bd. of Trustees of Ohio State Univ.* (1984), 12 Ohio St. 2d 230, 12 OBR 313, 466 N.E. 2d 875, that "the standard for 'abuse of discretion' is readily defined, albeit

broadly, as more than an error of law or judgment, but implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable." *Id.* at 232, 12 OBR at 315, 466 N.E. 2d at 877. Also, we agree with the holding of the appellate court in *Prime Kosher Foods, Inc.* v. *Bur. of Emp. Serv.* (1987), 35 Ohio App. 3d 121, at 122, 519 N.E. 2d 868, at 869, that "[a]buse of discretion connotes more than an error of judgment; rather, it implies a decision that is without a reasonable basis and is clearly wrong."

The capitalization rate and the net income estimate which were used by the BTA to determine the true value of the subject property for the tax years 1985 and 1986 must be supported by sufficient probative evidence of record. *Hawthorn Mellody, Inc.* v. *Lindley* (1981), 65 Ohio St. 2d 47, 19 O.O. 2d 234, 417 N.E. 2d 1257, syllabus. Such evidence does not appear in the record here. Accordingly, we reverse the BTA's decision and remand this matter to the BTA for an additional hearing and for redetermination of the true value of the subject property in conformity with this opinion.

*Decision reversed and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.