DECISION. *Page 2 
{¶ 1} Plaintiffs-appellants, Luekiucius and Sylvester Brown, appeal the judgment of the trial court dismissing with prejudice their medical-malpractice action against defendant-appellee, Walter T. Bowers, II, M.D.
 {¶ 2} In three assignments of error, the Browns now argue that the trial court erred by (1) failing to grant summary judgment in their favor, (2) denying their motion for a continuance, and (3) dismissing their case for want of prosecution. We begin with the Browns' second and third assignments of error because they are interrelated and are dispositive of the appeal.
 Denial of a Continuance {¶ 3} The Browns had initially filed their malpractice action against Bowers in January 2003, but they had voluntarily dismissed it in August 2004. A year later, they filed the malpractice action underlying this appeal.
 {¶ 4} The trial court scheduled a jury trial for September 12, 2006. While no continuance entry was recorded, it is apparent from the record that the trial was rescheduled for October 15, 2007.
 {¶ 5} On October 9, 2007, six days before the new trial date, the Browns filed a motion for a continuance. The Browns asserted that they had had "a death in their family, out of state, which necessitate[d] them being away during the time this case [was] now set." The defense objected to the continuance.
 {¶ 6} The trial court denied the continuance the following day. In doing so, the court noted that the case had been pending for a "considerable period of time," and that it had been once dismissed and refiled. *Page 3 
 {¶ 7} Then, on Thursday, October 11, four days before the trial was to begin, the Browns filed a motion to reconsider the denial of their continuance motion. But they provided no more detail for the court in support of their request than they had done for the initial motion for a continuance. The Browns simply asserted that it would have been "an undue hardship to require [them] to return [from Mississippi] for trial beginning next week."
 {¶ 8} On the afternoon of the 11th, the trial court held an emergency hearing on the Browns' motion for reconsideration. The Browns were not present at the hearing, but their counsel and defense counsel were present.
 {¶ 9} At the hearing, the Browns' attorney presented no evidence in support of the motion for reconsideration. Counsel informed the court that she had called the Browns on the evening of Monday, October 8, to confirm a meeting with them. At that time, the Browns had informed counsel that they would not be returning for a week. According to counsel, the Browns had left town before the court had ruled on their initial motion.
 {¶ 10} The Browns' counsel stated that her expert witness was not available for trial the following week. And despite the trial court's denial of the motion for a continuance on Wednesday, October 10, the Browns' counsel acknowledged that she had cancelled a trial deposition of her expert scheduled on the 10th.
 {¶ 11} The court overruled the motion for reconsideration. The court reasoned that the case had been pending for more than two years, that the trial was to begin a week after the relative's death, and that the Browns would simply need to return a day or two earlier than they had anticipated.
 {¶ 12} On appeal, the Browns contend that the court abused its discretion in denying the continuance. *Page 4 
 {¶ 13} It is well established that a trial court has supervisory control over its own docket.[1] So the court is vested with broad discretion in determining whether to grant or deny a motion for a continuance.[2] A reviewing court will not reverse a trial court's ruling on such a motion unless the court abused its discretion.[3]
 {¶ 14} In evaluating a motion for a continuance, a trial court may consider factors such as the length of the delay requested, the reason for the delay, prior continuances, inconvenience, and whether the movant has contributed to the delay.[4] The potential for prejudice to a party must be balanced against the court's right to manage its docket and the public's interest in judicial economy.[5]
 {¶ 15} Ohio courts recognize that a party has a right "to a reasonable opportunity to be present at trial and a right to a continuance for that purpose."[6] But a party does not have a right to unreasonably delay a trial.[7] To justify a continuance, the party's absence must be unavoidable and not voluntary.[8]
 {¶ 16} Our review of the record convinces us that the trial court did not abuse its discretion in denying the Browns' motion to continue the trial. Their initial action had been pending for more than a year and a half before they had voluntarily dismissed it. The Browns had then waited 363 days to refile it.
 {¶ 17} By the time the trial court considered the Browns' continuance motion, the refiled case had been pending for more than two years.
 {¶ 18} In its efforts to accommodate the Browns, the trial court conducted an emergency hearing on their motion. The court was given no evidence, by way of *Page 5 
affidavit or obituary or otherwise, to determine exactly when the funeral was to occur or why the Browns could not return to begin the trial a week after being notified of their relative's death. As a result, the trial court was not presented with sufficient evidence to determine whether the Browns' absence the following week was unavoidable or in good faith. Because the court's decision was in no way arbitrary, unreasonable, or unconscionable, we hold that the trial court did not abuse its discretion in denying a continuance.[9] We overrule the second assignment of error.
 The Dismissal {¶ 19} In their third assignment of error, the Browns contend that the trial court erred by dismissing their case with prejudice for failure to prosecute.
 {¶ 20} On the morning of Monday, October 15, 2007, the trial was to begin before a visiting judge. The Browns were not present, but their attorney, the defendant, and defense counsel were present. The defense was prepared to proceed to trial.
 {¶ 21} Prior to trial, the visiting judge engaged in a lengthy discussion about the case with counsel for both sides. The judge noted that he had told the Browns' attorney that the trial would proceed that morning or that the case would be dismissed. The judge stated that jury selection could begin if the Browns would return within the next two days.
 {¶ 22} The Browns' attorney indicated that she had her expert witness's earlier deposition, and that she "believed very strongly that based upon the [defendant's] own admissions, that [the Browns] would overcome the situation of getting or not getting [the case] to the jury." "The real issue," counsel asserted, "is that my clients cannot be here today. * * * I just don't feel comfortable going forward." *Page 6 
 {¶ 23} In dismissing the case for want of prosecution, the visiting judge's entry stated, "With the undersigned's assignment in this matter being only to preside at the trial of this case, he then advised those present that he did not have the authority to grant a continuance, and gave plaintiffs' counsel two options: (1) to proceed with jury selection; or (2) face immediate dismissal for want of or failure to prosecute. Plaintiffs' counsel advised that she was still unwilling to proceed without her clients present."
 {¶ 24} Although the visiting judge incorrectly assumed that he did not have the authority to continue the case for trial, it is evident that his decision to dismiss the case simply reflected his refusal to continue the trial to another date. Regardless of the visiting judge's assumptions about his authority to continue the case, the fact remained that the assigned judge had ruled not once, but twice, on the same motion within the previous week, and that the Browns, in trying to get a third bite at the apple, had presented no new grounds to the visiting judge in support of their motion.
 {¶ 25} Just as with our review of a denial of a motion for a continuance, we review the dismissal of a case for lack of prosecution under an abuse-of-discretion standard.[10] Even though courts use an abuse-of-discretion standard of review for dismissals with prejudice, "that standard is actually heightened when reviewing decisions that forever deny a plaintiff a review of a claim's merits."[11]
 {¶ 26} Before a court can dismiss a case for failure to prosecute under Civ. R. 41(B)(1), the court must give notice of the intended dismissal to the plaintiffs attorney. For purposes of Civ. R. 41(B)(1), counsel has notice of an impending dismissal with prejudice "when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal."[12] *Page 7 
 {¶ 27} The purpose of the notice requirement is "to afford plaintiffs counsel an opportunity to either comply with the court order, which is the basis of the impending dismissal, or to respond to the motion to dismiss."[13] "This principle is particularly applicable when neither the plaintiff nor his counsel is present to explain the failure to prosecute."[14]
 {¶ 28} But this rationale fails where the plaintiffs counsel appears at the scheduled trial and is unwilling or unable to proceed.[15]
There would be no purpose in requiring notice of an intended dismissal to allow the plaintiff or his counsel the opportunity to explain the failure to appear for trial when plaintiffs counsel is actually present for trial and has the opportunity to explain the plaintiffs failure to prosecute.[16]
 {¶ 29} The record demonstrates that the Browns' counsel had ample notice that her clients' case would be dismissed with prejudice if she failed to proceed. She was also given sufficient opportunity to secure the presence of her clients to avoid dismissal. And while the sanction for the Browns' failure to proceed to trial was arguably harsh, it was certainly reasonable under the circumstances. Accordingly, we overrule the third assignment of error.
 {¶ 30} Our disposition of the second and third assignments of error renders the first assignment of error moot. Therefore, we affirm the judgment of the trial court.
Judgment affirmed.
[1] See State ex rel. Buck v. McCabe (1942), 140 Ohio St. 535, 537,45 N.E.2d 763.
[2] See State v. linger (1981), 67 Ohio St.2d 65, 423 N.E.2d 1078, syllabus; see, also, Buck, supra, at 537.
[3] See Buck, supra, at 537-538.
[4] See State v. Ahmed, 103 Ohio St.3d 27, 2004-Ohio-4190,813 N.E.2d 637, ¶ 44.
[5] See linger, supra, at 67.
[6] Hartt v. Munobe, 67 Ohio St.3d 3, 9, 1993-Ohio-177,615 N.E.2d 617.
[7] Id.
[8] Id.
[9] See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
[10] See Pembaur v. Leis (1982), 1 Ohio St.3d 89,437 N.E.2d 1199.
[11] Jones v. Hartranft, 78 Ohio St.3d 368, 372, 1997-Ohio-203,678 N.E.2d 530.
[12] Quonset Hut, Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46, 49,684 N.E.2d 319.
[13] Carr v. Green (1992), 78 Ohio App.3d 487, 490,605 N.E.2d 431.
[14] Asres v. Dalton, 10th Dist. No. 05AP-632, 2006-Ohio-507, ¶ 16.
[15] Metcalf v. Ohio State Univ. Hosps. (1981), 2 Ohio App.3d 166,167, 441 N.E.2d 299.
[16] Asres, at ¶ 18.
 SUNDERMANN, P.J., concurs.
 PAINTER, J., dissents. *Page 8