[Cite as *Moore v. Turney*, 2013-Ohio-4564.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| ALICIA MOORE, | : | APPEAL NO. C-120735 |
| | | TRIAL NO. 12CV-06485 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| ANNETTE TURNEY, | : | |
| Defendant-Appellee. | : | |

Civil Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: October 16, 2013

*Frost Brown Todd, LLC.*, and *M. Margaret Sullivan,* for Plaintiff-Appellant,

*Annette Turney*, pro se.

Please note: this case has been removed from the accelerated calendar.

Per Curiam.

{¶1} Plaintiff-appellant Alicia Moore appeals from the judgment entered for defendant-appellee Annette Turney in Moore's small claims court action for monetary damages. The case was heard by a magistrate and continued in progress for Moore to present evidence of the amount of her damages. After several other continuances not attributed to Moore, the case was continued until August 27, 2012. On that date, Moore was hospitalized for a stroke. She called the court to ask for a continuance, and a nurse from the hospital sent a fax to the court on her behalf explaining that Moore would not be able to attend the hearing due to her hospitalization, which had begun two days prior.

{¶2} Although Turney did not object, the magistrate denied the continuance and found in favor of Turney on Moore's claim. Three days later, Moore filed a "motion for a new trial" that explained her absence on August 27. She attached to her motion a document listing the value of the items that she sought damages for and a copy of her discharge instructions from Mercy Hospital, which indicated that she had been discharged in the late afternoon on August 27. Moore later filed objections, which contained the same information as the new-trial filing, and a transcript from the August 27, 2012 hearing. Subsequently, the magistrate denied her motion for a new trial. The trial court then overruled Moore's objections and adopted both the magistrate's order denying the new trial and the magistrate's decision finding in favor of Turney.

{¶3} In three related assignments of error, Moore argues that the trial court erred by overruling her objections and adopting the magistrate's decisions. Turney has not filed a brief. Because the denial of a continuance was an abuse of discretion under these circumstances, we sustain the assignments of error.

{¶4} A party has a right "to a reasonable opportunity to be present at trial and a right to a continuance for that purpose." *Brown v. Bowers*, 1st Dist. Hamilton

No. C-070797, 2008-Ohio-4114, ¶ 15. But a party does not have a right to unreasonably delay a trial. *Id.* We review the denial of a continuance under an abuse of discretion standard. *State ex rel. Buck v. McCabe*, 140 Ohio St. 535, 537, 45 N.E.2d 763 (1942).

{¶5} The Ohio Supreme Court has set forth guidelines for the granting of a continuance due to the absence of a party:

> To constitute a sufficient ground for a continuance because of the absence of a party it must appear that the absence is unavoidable, and not voluntary; that [the party's] presence at the trial is necessary; that the application is made in good faith; and that [the party] probably will be able to attend court at some reasonable future time.

*Id.* at paragraph two of the syllabus.

{¶6} In this case, Moore's absence was unavoidable and involuntary. The fax from the hospital and her discharge papers demonstrated that a serious medical condition prevented her appearance. Second, her presence at the trial was necessary to establish the value of the property at issue. Third, her request for the continuance appeared to have been made in good faith, because the journal entries demonstrated that she had been granted only one previous continuance and had not been dilatory. Finally, nothing in the record suggested that Moore would not have attended court in the near future. She was discharged from the hospital at about 5 p.m. on August 27, 2012, and she moved for a new trial three days later.

{¶7} Under the factors set forth in *State ex rel. Buck v. McCabe*, sufficient grounds existed for a continuance. *See Strongsville Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 53 Ohio St.3d 254, 559 N.E.2d 1351 (1990); *Coats v. Limbach*, 47 Ohio St.3d 114, 548 N.E.2d 917 (1989). Therefore, the trial court abused its discretion when it adopted the magistrate's decision denying Moore's motion for a continuance.

{¶8} Accordingly, we reverse the trial court's judgment and remand the cause for proceedings consistent with this opinion.

Judgment reversed and cause remanded.

**CUNNINGHAM, P.J., DINKELACKER** and **DEWINE, JJ.**

Please note:

The court has recorded its own entry on the date of the release of this opinion.