[Cite as *Bill Jackson Roofing, Inc. v. Ohio Dept. of Job & Family Servs.*, 2021-Ohio-284.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Bill Jackson Roofing, Inc., | : | |
| Appellant-Appellant, | : | |
| | : | No. 20AP-189 |
| v. | : | (C.P.C. No. 19CV-9006) |
| Director, Ohio Department of Job and Family Services, | : | (ACCELERATED CALENDAR) |
| | : | |
| Appellee-Appellee. | : | |
| | : | |

---

D E C I S I O N

Rendered on February 2, 2021

---

**On brief:** *Brouse McDowell LPA, Terry W. Vincent, Anastasia J. Wade, Nicholas Kopcho*, and *Shelby Rainer*, for appellant. **Argued:** *Anastasia J. Wade.*

**On brief:** *Dave Yost*, Attorney General, and *Laurence R. Snyder*, for appellee. **Argued:** *Laurence R. Snyder.*

---

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, P.J.

{¶ 1} Appellant, Bill Jackson Roofing, Inc. ("Jackson Roofing"), appeals from a decision and entry of the Franklin County Court of Common Pleas affirming a decision of the Ohio Unemployment Compensation Review Commission ("UCRC") finding Jackson Roofing to be a liable employer under unemployment compensation law. For the following reasons, we reverse the common pleas court decision and remand this case to the common pleas court with instructions.

**I. Facts and Procedural History**

{¶ 2} Jackson Roofing provides roofing services to clients in northeast Ohio. Beginning in 2018, appellee, the Ohio Department of Job and Family Services ("ODJFS"),

conducted an audit for years 2015, 2016, and 2017, triggered because of delinquencies or missing reports from Jackson Roofing's account. On March 27, 2019, ODJFS issued the results of the audit providing that Jackson Roofing failed to report and pay for several individuals in its Unemployment Compensation Quarterly Tax Returns. These individuals were reclassified as employees and the tax returns were amended. Jackson Roofing filed a request for reconsideration. The Director of ODJFS issued a reconsidered decision on June 5, 2019. In that decision, the Director determined seven of the individuals included in the original determination were not employees and should be excluded from liability but that Jackson Roofing did not provide sufficient evidence to establish that the other workers identified as misclassified during the audit were free from direction and control by Jackson Roofing. Therefore, the Director affirmed the audit conclusion that the remaining workers were considered covered employees as defined by R.C. 4141.01.

{¶ 3} Jackson Roofing appealed the Director's reconsidered decision to UCRC. After two telephone hearings before a UCRC hearing officer (August 21 and September 5, 2019), UCRC, which operates under ODJFS, issued a decision affirming the Director's reconsidered decision.

{¶ 4} Jackson Roofing appealed UCRC's decision to the Franklin County Court of Common Pleas. On March 4, 2020, the common pleas court affirmed UCRC's decision.

## II. Assignments of Error

{¶ 5} Jackson Roofing appeals and assigns the following two assignments of error for our review:

> [I.] THE COURT OF COMMON PLEAS ERRED BY EMPLOYING AN INCORRECT STANDARD TO REVIEW THE COMMISSION'S MISCON[S]TRUCTION OF THE STATUTE.

> [II.] THE COURT OF COMMON PLEAS ABUSED ITS DISCRETION IN AFFIRMING THE COMMISSION'S DECISION BECAUSE THE DECISION WAS NOT SUPPORTED BY EVIDENCE ON THE RECORD.

## III. Analysis

{¶ 6} In its first assignment of error, Jackson Roofing contends the common pleas court erred by employing an incorrect standard to review UCRC's misconstruction of the statute. In its second assignment of error, Jackson Roofing contends the common pleas

court abused its discretion in affirming UCRC's decision because it was not supported by evidence in the record.

{¶ 7} Jackson Roofing argues that during the time period in question, Jackson Roofing retained the roofers as independent contractors for different projects. UCRC found these 28 individuals were covered employees under R.C. 4141.01. Jackson Roofing contends the common pleas court failed to review UCRC's legal analysis independently since UCRC misconstrued R.C. 4141.01 and that the record did not support UCRC's findings.

{¶ 8} Jackson Roofing appeals pursuant to R.C. 4141.26(D)(2) which states:

> The court may affirm the determination or order complained of in the appeal if it finds, upon consideration of the entire record, that the determination or order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the determination or order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. The judgment of the court shall be final and conclusive unless reversed, vacated, or modified on appeal. An appeal may be taken from the decision of the court of common pleas of Franklin county.

{¶ 9} Under R.C. 4141.26(D)(2), a decision of UCRC may be appealed to the common pleas court, which may affirm the decision if it finds, based on a review of the entire record, that the decision is supported by reliable, probative, and substantial evidence and is in accordance with law. *BNA Constr., Ltd. v. Dir., Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 16AP-317, 2017-Ohio-7227, ¶ 24. If the common pleas court finds UCRC's decision is not supported by reliable, probative, and substantial evidence and is not in accordance with law, it may reverse, vacate, or modify the decision, or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. R.C. 4141.26(D)(2).

{¶ 10} On appeal to this court from a decision of the common pleas court, we apply a narrower standard of review. As to issues of fact, we review the common pleas court's decision for abuse of discretion. *Id.* at ¶ 25. In this context, "[t]o find an abuse of discretion, we must conclude that the trial court's decision is without a reasonable basis and clearly wrong." *Miracle Home Health Care, LLC v. Ohio Dept. of Job & Family Servs.*, 10th Dist.

No. 12AP-318, 2012-Ohio-5669, ¶ 18; *see also Humanus Corp. v. Dir., Ohio Dept. of Job & Family Servs.,* 10th Dist. No. 19AP-764, 2020-Ohio-6940. "Absent an abuse of discretion on the part of the common pleas court, this court is obligated to affirm its judgment." *Stouffer Hotel Mgt. Corp. v. Ohio Unemp. Comp. Bd. of Rev.*, 87 Ohio App.3d 179, 183 (10th Dist.1993). However, this court's review of questions of law is plenary. *BRT Transport, LLC v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 14AP-800, 2015-Ohio-2048, ¶ 15.

{¶ 11} Ohio employers pay contributions into Ohio's unemployment compensation fund. R.C. 4141.23(A). The definition of "employer" includes any individual or entity that "[h]ad in employment at least one individual." R.C. 4141.01(A)(1)(a). "Employment" is defined as "service performed by an individual for remuneration under any contract of hire, written or oral, express or implied * * * unless it is shown to the satisfaction of the director [of ODJFS] that such individual has been and will continue to be free from direction or control over the performance of such service, both under a contract of service and in fact." R.C. 4141.01(B)(1). The burden of proving entitlement to the independent contractor exemption is on the employer. *Peter D. Hart Research Assocs., Inc. v. Admr., Ohio Bur. of Emp. Servs.*, 10th Dist. No. 95APE06-736 (Dec. 28, 1995), citing *G. McConnell v. Admr., Ohio Bur. of Emp. Servs.*, 10th Dist. No. 95APE03-262 (Oct. 5, 1995).

{¶ 12} R.C. 4141.01(B)(2)(k) includes as employment "[c]onstruction services performed by any individual under a construction contract * * * if the director determines that the employer for whom services are performed has the right to direct or control the performance of the services and that the individuals who perform the services receive remuneration for the services performed." R.C. 4141.01(B)(2)(k) lists 20 factors to be considered in assessing direction or control and provides that UCRC must presume that the employer has the right of direction and control if 10 or more of the factors apply.

{¶ 13} The R.C. 4141.01(B)(2)(k) factors include:

> (i) The employer directs or controls the manner or method by which instructions are given to the individual performing services;

> (ii) The employer requires particular training for the individual performing services;

(iii) Services performed by the individual are integrated into the regular functioning of the employer;

(iv) The employer requires that services be provided by a particular individual;

(v) The employer hires, supervises, or pays the wages of the individual performing services;

(vi) A continuing relationship between the employer and the individual performing services exists which contemplates continuing or recurring work, even if not full-time work;

(vii) The employer requires the individual to perform services during established hours;

(viii) The employer requires that the individual performing services be devoted on a full-time basis to the business of the employer;

(ix) The employer requires the individual to perform services on the employer's premises;

(x) The employer requires the individual performing services to follow the order of work established by the employer;

(xi) The employer requires the individual performing services to make oral or written reports of progress;

(xii) The employer makes payment to the individual for services on a regular basis, such as hourly, weekly, or monthly;

(xiii) The employer pays expenses for the individual performing services;

(xiv) The employer furnishes the tools and materials for use by the individual to perform services;

(xv) The individual performing services has not invested in the facilities used to perform services;

(xvi) The individual performing services does not realize a profit or suffer a loss as a result of the performance of the services;

(xvii) The individual performing services is not performing services for more than two employers simultaneously;

(xviii) The individual performing services does not make the services available to the general public;

(xix) The employer has a right to discharge the individual performing services;

(xx) The individual performing services has the right to end the individual's relationship with the employer without incurring liability pursuant to an employment contract or agreement.

{¶ 14} Jackson Roofing argues that UCRC found 11 of the factors present (factors i, iii, iv, v, vi, ix, xi, xii, xvi, ixx, and xx) and therefore presumed the individuals were employees but that UCRC improperly applied the facts of this case or misconstrued the meaning of four factors (factors i, iv, ix and xvi), thus, should not have found the presumption exists and that the individuals were employees. It further argues that 6 factors should have weighed in its favor (factors i, iv, ix, xi, xii, and xvi). UCRC argues that in the "reasoning" section of its decision, UCRC found support for at least 14 factors and the evidence in the record supports each of those 14 factors. UCRC further argues the record contains substantial, reliable, and probative evidence supporting a finding that Jackson Roofing meets 16 of the 20 factors.

{¶ 15} UCRC's decision provides, as follows:

ISSUE # 1

Were individuals: Jeff Belt, Ricky Burgett, Eric Close, Earl Connard, Paul Davis, Jessie Demyan, Geoff Dilik, Frank Donovan, Ian Healy, Chas Jackson, Matthew Jett, Brent McClung, Desmond Moore, Larry Moretto, Jason Palagyl, Tyler Petrilio, Adrian Robinson, Justin Scealf, Jay Stafford, Bill Stoehr, Steve Whelan, Eric Anderson, Peter Dagnese, Lloyd Gunter, Thomas Higgins, Michael Keffer, John Turner, and Matthew Harmon engaged in covered employment?

* * *

REASONING

The issue in this case is whether twenty-eight individuals who have provided roofing services for Bill Jackson Roofing, Inc. should be considered covered employees under the Ohio Unemployment Compensation Law. The Ohio Revised Code, Section 4141.01(B)(2)(k), as cited above, provides that when

determining whether individuals who work in the construction industry, such as the roofers in question, are in covered employment, the twenty factors outlined in that section should be considered. In reviewing these factors, the Hearing Officer makes the following findings:

The roofers are required to comply with the instructions of Bill Jackson Roofing, Inc. regarding when, where, and how they are to perform the services. Bill Jackson Roofing, Inc. does not require particular training for the roofers. Roofing services are part of the regular business of William Jackson Roofing, Inc. Roofing requires that services be provided by a particular worker, in that the roofer did not have another individual perform the work in their stead. Bill Jackson Roofing, Inc. hires and pays the wages of the roofers.

A continuing relationship exists between Bill Jackson Roofing, Inc. and the roofer that contemplates continuing or recurring work, even if not full-time. Bill Jackson Roofing, Inc. does not require that work be performed on its premises, but does require it to be performed at the client's location.

Bill Jackson Roofing requires the roofers to make and submit written reports regarding the hours work[ed] and services provided after each project is completed. Bill Jackson pays the roofers for hours worked. Bill Jackson Roofing, Inc. does not pay expenses for the roofers. Bill Jackson Roofing, Inc. does not furnish tools for use.

The roofers are not at risk of experiencing loss as a result of the performance of such services. The roofers may be performing services for a number of persons at the same time. The roofers are permitted to make their services available to the general public. Bill Jackson Roofing, Inc. has the right to discharge the roofer. The roofers have the right to end the relationship with Bill Jackson Roofing, Inc. without incurring liability pursuant to an employment contract or agreement.

As outlined above, the individuals providing services as roofers for Bill Jackson Roofing, Inc. meet more than ten of the twenty factors for covered employees as set forth [in] the Ohio Administrative Code, Section 4141-3-05.[1] Pursuant to the statute, the employer for whom services are performed has the right to direct or control the performance of the services if

---

[1] UCRC cites the Ohio Administrative Code but applied R.C. 4141.01(B)(2)(k) because the case involves construction services.

> ten or more of the following criteria apply. The preponderance of the evidence indicates that the individuals who worked as roofers are employees under the Ohio Unemployment Compensation Law.

(Oct. 9, 2019 UCRC Decision at 4-6.)

{¶ 16} Jackson Roofing notes that UCRC's written decision did not specify the evidence supporting UCRC's determination as to each factor.  We note that the common pleas court decision also did not specify the evidence it found to be reliable, probative, and substantial that supported UCRC's decision.  The common pleas court decision contained no discussion of the 20 factors nor of the evidence, or lack thereof,  in the record pertaining to the 20 factors regarding each of the 28 employees Jackson Roofing claims were misclassified.  The common pleas court simply summarized the arguments of the parties, but made no specific reference to the evidence which it found to be reliable, probative, and substantial.  The common pleas court summarily concluded:

> The Appellant did not establish that the evidence relied upon by the Commission was "internally inconsistent, impeached by evidence of a prior inconsistent statement, rest upon improper inferences, or are otherwise unsupportable." *Ohio Historical Soc. v. State Emp. Relations Bd.*, 66 Ohio St.3d 466, 471 (1993).
>
> * * * This Court will not substitute its judgment for that of the agencies [sic] finder of fact.
>
> * * *
>
> The Appellant, is asking the Commission to answer a negative. The Appellant is asking: where is the evidence that the Commission relied upon to show that said individuals were employees?  In response, the Commission is stating: Where is your evidence that they are not employees.  The Appellant had the burden first and the Commission has determined that it failed to meet that burden.

(Mar. 4, 2020 Common Pleas Court Decision at 4-5.)

{¶ 17} Unfortunately, the common pleas court's decision and judgment entry is insufficient and does not permit this court to conclude that it conducted its review as required pursuant to R.C. 4141.26(D)(2).  The decision does not permit us to conduct a meaningful appellate review.

{¶ 18} The common pleas court appears to justify the lack of review and discussion of the evidence with the requirement that the burden of proving entitlement to the independent contractor exemption is on the employer. The court also seems persuaded by appellee's argument that "[n]either the lower court nor this Court may reweigh the evidence in the first instance as requested by Appellant." (Appellee brief at 20.)

{¶ 19} It is true that the burden of proving entitlement to the independent contractor exemption is on the employer. However, it is still incumbent upon the common pleas court to conduct its appellate review of the commission's decision. "In [an R.C. 4141.26(D)(2)] review, it is incumbent upon the trial court to *examine* the evidence." (Emphasis added.) *Eisenhour v. State Unemp. Comp. Bd. of Rev.*, 10th Dist. No. 97APE03-349 (Aug.12, 1997). Furthermore, although UCRC is correct that it is not the role of this court of appeals to reweigh the evidence, it is incorrect in arguing that the common pleas court may not reweigh the evidence.

{¶ 20} In its decision, the common pleas court quotes *Ohio Historical Soc. v. State Emp. Relations Bd.*, 66 Ohio St.3d 466, 471 (1993). *Ohio Historical Soc.* addressed a common pleas court's standard of review and role in reviewing an administrative appeal, pursuant to R.C. 119.12, which is similar to the common pleas court's standard of review and role in reviewing an administrative appeal pursuant to R.C. 4141.26(D)(2) in that the court may affirm the decision of the administrative agency if it finds the order is supported by reliable, probative, and substantial evidence and is in accordance with law.[2] *Ohio Historical Soc.* relied on the Supreme Court of Ohio's reasoning set forth in *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 109-12 (1980), and *Andrews v. Bd. of Liquor Control*, 164 Ohio St. 275 (1955). In *Conrad*, the Supreme Court stated:

> This appeal concerns the scope of review available to a Court of Common Pleas in an administrative appeal pursuant to R.C. 119.12. Although this court has addressed this issue in the past,

---

[2] We observe the difference between R.C. 119.12(K) and 4141.26(D)(2) regarding the common pleas court's ability to consider additional evidence. Pursuant to R.C. 4141.26(D)(2): "In such appeal, no additional evidence shall be received by the court, but the court may order additional evidence to be taken before the commission, and the commission, after hearing such additional evidence, shall certify such additional evidence to the court or it may modify its determination and file such modified determination, together with the transcript of the additional record, with the court." R.C. 119.12(K) states: "Unless otherwise provided by law, in the hearing of the appeal, the court is confined to the record as certified to it by the agency. Unless otherwise provided by law, the court may grant a request for the admission of additional evidence when satisfied that the additional evidence is newly discovered and could not with reasonable diligence have been ascertained prior to the hearing before the agency."

an examination of the record in this cause indicates that further clarification is necessary.

As to the authority of a Court of Common Pleas upon review of an administrative order, pursuant to R.C. 119.12, such section provides, in pertinent part, that:

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law."

In *Andrews v. Bd. of Liquor Control* (1955), 164 Ohio St. 275, paragraph one of the syllabus, this court held that a Court of Common Pleas must, in an appeal pursuant to this section*, appraise all the evidence "as to credibility of witnesses, the probative character of the evidence and the weight to be given it,* and, if from such a consideration it finds that the * * * [administrative] order is not supported by reliable, probative, and substantial evidence and is not in accordance with law, the court is authorized to reverse, vacate, or modify the order * * *." However, *Andrews* also pointed out that R.C. 119.12 does not contemplate a trial *de novo* in the Court of Common Pleas by the following language, at 279-280:

* * *

"The legislative purpose, generally to authorize a Common Pleas Court *to weigh the evidence on an appeal from an administrative agency*, is indicated by other statutes, as well as by our decisions construing them. Thus, after the holding of this court in *Farrand v. State Medical Board* (1949), 151 Ohio St. 222, 85 N.E. 2d 113, the General Assembly amended what is now Section 119.12, Revised Code, to provide for such authority. *Andrews v. Board of Liquor Control, supra* (164 Ohio St. 275, paragraph one of syllabus). Furthermore, in adopting Section 2506.04, Revised Code, in 1957, the General Assembly even used the words 'preponderance of * * * evidence' to emphasive [*sic*] this purpose."

In *Andrews*, this court acknowledged that determining whether an agency order is supported by reliable, probative and substantial evidence essentially is a question of the absence

or presence of the requisite quantum of evidence. Although this in essence is a legal question, *inevitably it involves a consideration of the evidence, and to a limited extent would permit a substitution of judgment by the reviewing Common Pleas Court.*

In undertaking this hybrid form of review, the Court of Common Pleas must give due deference to the administrative resolution of evidentiary conflicts. For example, when the evidence before the court consists of conflicting testimony of approximately equal weight, the court should defer to the determination of the administrative body, which, as the fact-finder, had the opportunity to observe the demeanor of the witnesses and weigh their credibility. *However, the findings of the agency are by no means conclusive.*

Where the court, *in its appraisal of the evidence,* determines that there exist legally significant reasons for discrediting certain evidence relied upon by the administrative body, and necessary to its determination, the court may reverse, vacate or modify the administrative order. Thus, where a witness' testimony is internally inconsistent, or is impeached by evidence of a prior inconsistent statement, the court may properly decide that such testimony should be given no weight. Likewise, where it appears that the administrative determination rests upon inferences improperly drawn from the evidence adduced, the court may reverse the administrative order.

(Emphasis added.) *Andrews* at 109-12.

{¶ 21} "The standard of review for an appellate court reviewing a decision of the commission appealed pursuant to R.C. 4141.26[3] is more limited. Regarding factual questions, an appellate court does not weigh the evidence but, rather, only determines whether the common pleas court abused its discretion." *Valentine Contrs., Inc. v. Dir., Ohio Dept. of Job & Family Servs.,* 10th Dist. No. 15AP-86, 2015-Ohio-5576, ¶ 14, citing *All Star Personnel, Inc. v. State of Ohio, Unemp. Comp. Rev. Comm.*, 10th Dist. No. 05AP-522, 2006-Ohio-1302, ¶ 13, citing *Kate Corp. v. Ohio State Unemp. Comp. Rev. Comm.*,

---

[3] We note that the standards of appellate review for decisions of UCRC pursuant to R.C. 4141.26 regarding an employer's contribution to Ohio's unemployment compensation fund differs from the standards of appellate review for decisions of UCRC pursuant to R.C. 4141.282 regarding an employee's eligibility for unemployment benefits. *See also Humanus Corp.*, and *Tzangas, Plakas & Manos v. Admr., Ohio Bur. of Emp. Servs.,* 73 Ohio St.3d 694 (1995).

10th Dist. No. 03AP-315, 2003-Ohio-5668, ¶ 7; *Prime Kosher Foods, Inc. v. Admr., Bur. of Emp. Servs.*, 35 Ohio App.3d 121, 122 (10th Dist.1987).  Yet, without any discussion of the 20 factors, its interpretation of the same or the evidence presented regarding the 28 employees in its decision, that is what the common pleas court has left this court to do— examine, appraise, and ultimately weigh the evidence.  We will not.

**IV. Conclusion**

{¶ 22} Accordingly, we decline at this time to address the merits of Jackson Roofing's assignments of error.  We reverse and remand the decision and judgment to the Franklin County Court of Common Pleas with instructions to conduct its review, pursuant to R.C. 4141.26(D)(2), so that this court may conduct a meaningful appellate review of its decision, within the scope of our duties pursuant to R.C. 4141.26(D)(2).

*Judgment reversed*
*and cause remanded with instructions.*

KLATT and NELSON, JJ., concur.

———————————